Battle, J.
 

 The case comes before us upon two exceptions only, and our opinion is decidedly in favor of the plaintiff upon the first, and as decidedly against him upon the second. It is now well established, as a rule of the common law, that if there be father and son of the same name, and a promissory note, deed, or devise be niade to a person of that name, it shall be taken to have been the father and not the son, unless it he proved that the son, and not the father, was meant. Thus, in an action upon a note, payable to
 
 Henry Sweeting,
 
 it appeared that there were a father and a son of that name, Baylet, Judge, held that
 
 prima facie
 
 the father was the payee, but he allowed proof that the son was meant, and was the person entitled fó recover upon it;
 
 Sweeting
 
 v.
 
 Fowler,
 
 1 Stark. Rep. 106, (2 Eng. Com. Law Rep. 316). To the same effect, see
 
 Stebbing
 
 v.
 
 Spicer, 65
 
 Eng. Com. Law Rep. 827. So, in
 
 Jones
 
 v.
 
 Newman,
 
 1 Wm. Black. Rep. 60, it was decided that a devise to John Cluer, was presumptively to the
 
 *52
 
 father, and not the son, of that name, though the Court permitted parol evidence to be given to show that the son was the devisee intended. The rule may, perhaps, be laid down more broadly, that in all cases, where there are two persons having the same name, whether they stand to each other in the relation of father and son, or not, the elder is always presumed to be meant where there is no addition to the name. The reason is, that when one has a particular name, and af-terwards there is a younger person to whom the same name is given, the first does not thereby cease to be known by that appellation, but the latter must be distinguished from him by the addition of
 
 junior,
 
 or perhaps in some other way. In 2 Fitzherbort’s Natura Brevium, 267, we find a writ, called a writ
 
 de idemptitate
 
 nominis, which is to be sued forth, “ where a man is sued in a personal action, and upon the
 
 capias
 
 or
 
 exigent
 
 awarded, another man who beareth the same name is arrested by force of the writ.” In the note (a) to the page from which the above extract is taken, it is said that “in the case of
 
 Wilson
 
 v.
 
 Stubbs,
 
 it was resolved, if, in a writ against I S, I S the elder is taken, after judgment it shall be intended I S the elder. And yet, after judgment, I S the younger, if taken, cannot have an
 
 idemptitatc
 
 nominis, but false imprisonment; but see the precedents contra.” Now, whether I S, the younger, could, in such a case, have had a writ of
 
 idemptitatc
 
 nominis, or would be driven to an action for false imprisonment for redress, it shows clearly, that he was arrested wrongfully under a
 
 capias
 
 against I S without addition.
 

 The counsel for the defendants, in the case before ns, was compelled to admit that, upon this question, the authorities were all against him: but he contended that the facts and circumstances were submitted to the jury for them to find, whether Joshua Granger, senior, or junior, was the person to whom the deed, from Watson and wife, was made. It is true, that the Judge did submit that question, as one of fact for the jury, upon the evidence before them, but he erred in refusing to give the instruction prayed by the counsel for the plaintiff,
 
 *53
 
 that the presumption of law was, that the elder, and not the younger, was meant, so that the burden of proof, upon that point, should be thrown upon the defendants.
 

 Eor this error, the judgment must be reversed, and a
 
 venire de novo
 
 awarded.
 

 This result would make it unnecessary for us to express an opinion upon the second exception, and we should not do so, were it not almost certain that the question will be presented again upon tile next trial, and it may possibly save them from expense and delay, for us now to declare the decided opinion which we entertain upon it. Ve think that the question upon which General McRae was asked to give his opinion, was not one of science, or skill, as to which, as an expert, he could be interrogated. The enquiry was as to the beginning corner of the Watson grant, and that was a simple question of fact, to be proved like any other fact. lie might have been asked with propriety, had it been necessary, whether from the marks on the pine tree which lie found buried in the mud, he believed that it had been marked as a corner, and was the corner tree of some tract of land. The ascertainment of the marks, on the tree, end the purpose for which they were ¡out there wore matters of science and skill appertaining to the business of a surveyor, but whether the tree was the corner of the Watson grant, or of some other grant or conveyance, was not at all a question requiring the peculiar knowledge of an engineer or surveyor. Tims, we find it stated that a “ practical surveyor may express his opinion, whether the marks or trees, piles of stones, &e., were intended as monuments of boundaries ; hut he cannot ho asked whether, in his opinion, from the objects and appearances which he saw on the ground, the tract he surveyed was identical with the tract marked on a certain diagram.” See 1st Greenf. on Ev. section 440, and the cases there cited.
 

 Eor these reasons, we think that the testimony objected to was properly rejected ; hut for the error on the other point, there must be a new trial.
 

 PeR CüRIAM, Judgment reversed.