Manly, J.
 

 The record of the trial below, does not disclose any error of which .the plaintiff can justly complain. The opinion, which the surveyor was allowed to express, as to the location of the Bettis grant, would be erroneous, if the jury had not been guarded from considering it for any improper purpose.
 

 The Court informed the jury, that “ the surveyor’s opinion, as that of a man of skill and science, was admitted for the purpose of showing that the marks upon the tree, claimed as a corner, were corner or line-marks, but not admitted to show, as a question of science, that this was the corner or those the lines of the Bettis grant. The Court informed the jury, that they must determine for themselves whether this tree, claimed as a corner, and the two lines, from M to B and from B to C, were, in fact, the corner and the lines of the Bettis grant; and whether the defendant had satisfied their minds that this grant was so located as to include the trespass.” Subject to this modification, the opinion was left to the jury to be considered and weighed by them as other evidence, and for the purpose, thus explained, we think it was legitimate. The matter, embraced in this exception, has been so recently dis
 
 *40
 
 cussed and explained in this Court, in the case of
 
 Stephens
 
 v.
 
 West,
 
 6 Jones’ Rep. 49, that we deem it unnecessary to say more. It will be found by a reference to
 
 that
 
 case, that the judicial officer, who tried
 
 this
 
 below, was careful to keep strickly within the limits there assigned to the
 
 opinions
 
 of a surveyor as an expert. That case being entirely approved, covers the whole ground of the first exception.
 

 With respect to the other, in reference to the instructions asked for and refused, it is obvious, the Court below was correct. It will be observed, that if the Bettis grant were located so as to cover the land in dispute, there would be in those who claimed under him an older, and, therefoi’e, a superior outstanding title, and the plaintiff could not recover, upon a plain principle, governing this form of action. The jury had already been told that the plaintiff had made out a
 
 prima facie
 
 case, and was entitled to recover, unless the grant to Bettis was located as the defendant contended. It was, therefore, not material whether the defendant had shown title in
 
 himself.
 
 Upon the hypothesis submitted, he had shown it out of the plaintiff, and that was sufficient to defeat the action. The plaintiff had already had the benefit of all proper instructions in his behalf, and the additional instructions, asked for, were without point, and properly refused.
 

 There is no error, and the judgment must be affirmed.
 

 Per Curiam,
 

 Judgment affirmed.