W. A. BENTON v. MONTGOMERY LUMBER COMPANY.

(Filed 28 March, 1928.)

**1. Deeds and Conveyances—Trial—Questions of Law and Questions of Fact—Boundaries.**

The question of sufficiency of boundaries given in a deed to lands is one of law, and the disputed location of the lands within these boundaries is one of fact for the jury upon the evidence, and presents a mixed question of law and fact upon the issue.

**2. Deeds and Conveyances—Trial—Directed Verdict.**

Where in an action of trespass upon lands the description of the boundaries in a deed is sufficient in law, and the evidence tends only to show that the *locus in quo* was necessarily included to make the boundaries designated in the deed, an instruction is not error that directs a verdict thereon.

**3. Deeds and Conveyances—Construction and Operation—General Rules of Construction.**

The object to be obtained in the interpretation of a deed is to effectuate the intent of the parties from the interpretation of the instrument as a whole, giving effect, if possible, to all of its parts; and where its terms are contradictory the first expressed will control; and language of doubtful meaning will be construed in the light favorable to the grantee; and a known and controlling call will prevail over descriptive specifications; and a prior perfect description that identifies the property will prevail over a later one.

APPEAL by plaintiff from *Sinclair, J.,* at November Term, 1927, of FRANKLIN. No error.

On 4 July, 1904, the plaintiff sold to the Greenleaf Johnson Lumber Company the timber on several tracts of land, and thereafter the defendant acquired the rights of this company. Among these tracts is one containing 30 acres. The plaintiff brought suit to enjoin the defendant from cutting and removing the timber from this tract on the ground that it was not conveyed by the plaintiff's deed to the Greenleaf Johnson Lumber Company. The description is as follows: "First tract, bounded on the east by the Anderson's Bridge Road, on the south by the John Ellis Old Place, on the west by Tar River, and on the north by the lands of Calvin Benton. Second tract, bounded on the south by the lands of Calvin Benton, on the west by Tar River, on the north by W. J. Ross and J. S. Ross, and on the east by the lands of B. H. Headen, which said tracts are composed of the Perry tract, the deed for which is recorded in Book 79, page 439, Franklin Registry; that part of the Coppedge tract which is conveyed by deed recorded in Book 146, page 49, Franklin Registry, the Upchurch tract conveyed by deed of J. R. Wheless and wife, recorded in Book 149, page 162, Franklin Registry; that part of the Upchurch tract conveyed by deed of J. H. Uzzell and wife and S. S. Strickland and wife, recorded in Book 75, page 182, Franklin Registry, all of which descriptions are hereby adopted and made a part of this conveyance. A tract of land containing about 23 acres, bought of A. C. Benton, is within the boundaries above set forth, but said tract is not included in this conveyance, being expressly reserved hereby."

This issue was submitted: "Was the timber on the thirty-acre tract of land described in the complaint included in the deed from W. A. Benton to Greenleaf Johnson Lumber Company?" The jury were instructed to answer the issue "Yes" if they found the facts to be as testified to by all the witnesses and shown by the record evidence. It was answered in the affirmative and judgment was given for the defendant. The plaintiff excepted and appealed.

*Ben T. Holden and Edward F. Griffin for plaintiff.*
*Thomas W. Ruffin and Yarborough & Yarborough for defendant.*

ADAMS, J. The appellant's exceptions to the exclusion of evidence must be overruled for the reason that the questions were framed so as to call for answers which would necessarily have embodied a mixed finding of law and fact. Whether the thirty-acre tract or any other was specifically described in the deed was not exclusively a question of fact which the surveyor could determine. What the boundaries are is a matter of law; where they are is a question of fact. *Lumber Co. v. Bernhardt,* 162 N. C., 460.

The exception chiefly relied on is that which was taken to the charge given the jury; but the significance of this instruction may readily be seen by reference to the evidence and the plat. The question on which the controversy turned was whether the thirty-acre tract is a part of the land "bounded on the south by the lands of Calvin Benton, on the west by Tar River, on the north by W. J. Ross and J. S. Ross, and on the east by the lands of B. H. Headen?" It is not denied that these boundaries include a part of the Coppedge land and the surveyor testified that they would not touch the lands of W. J. Ross unless they embraced the thirty acres in dispute. His Honor held as legal inference that the land of W. J. Ross was a part of the northern boundary; and if the jury accepted the undisputed evidence it necessarily followed that the thirty-acre tract was included in the description.

True, this is not one of the tracts particularly set out in the latter part of the description, but this fact does not necessarily impair the force of the defendant's contention. The proposition does not call for elaborate discussion. In the construction of deeds these principles seem to be settled: (1) The entire deed must be considered and such construction of particular clauses must be adopted as will effectuate the intention of the parties; (2) such construction will be adopted as, if possible, will give effect to every part; (3) if terms are contradictory the first in order will be given effect to the exclusion of the last; (4) when language is of doubtful meaning it will be given such construction as is most favorable to the grantee; (5) descriptive specifications cannot prevail over a known and controlling call; (6) a further description will not defeat a preceding perfect description which identifies the property conveyed. *Mayo v. Blount,* 23 N. C., 283; *Outlaw v. Gray,* 163 N. C., 325; *R. R. v. Carpenter,* 165 N. C., 465; *Lumber Co. v. Lumber Co.,* 169 N. C., 80, 94; *Miller v. Johnston,* 173 N. C., 62. Considered in the light of these principles the trial in our opinion was free from error.

No error.