R. J. COMBS v. A. J. WOODIE AND WIFE, ELLA MAE WOODIE, AND GRACE MILLER

No. 8023SC749

(Filed 15 September 1981)

**1. Boundaries § 14; Evidence § 41— surveyor's testimony—error to give opinion on boundary**

The court committed reversible error when it allowed the court appointed surveyor and another surveyor who had surveyed the land in question to state their opinions as to the true boundary line between plaintiff and each of the defendants since the true boundary is a question of fact for the jury.

**2. Boundaries § 8— processioning proceeding—jury's duty to locate boundary**

In a processioning proceeding the court committed prejudicial error in instructing the jury that they must find either the plaintiff's contention or defendants' contention to be the true boundary line. In a processioning proceeding it is the duty of the jury to locate the boundary, and the jury may locate the boundary wherever it feels the evidence requires.

APPEAL by plaintiff from *Griffin, Judge.* Judgment entered 13 December 1979, Superior Court, ASHE County. Heard in the Court of Appeals 25 May 1981.

This processioning proceeding was instituted by plaintiff to establish the true boundary between his property and that of Ella Mae Woodie on the south side of his tract and between his property and that of Grace Miller on the north side of his tract. Answers of the defendants denied plaintiff's title to the land described in his petition (his contention as to the boundaries), alleged ownership of the tract adjoining and described the tract as claimed by each defendant, and described the boundary line in accordance with the answering defendants' contentions. Each defendant also averred that if plaintiff's contention should be adjudged to be correct with respect to the boundary line, the answering defendants had acquired title to the property by adverse possession.

The jury found for defendants in each instance, and plaintiff appeals.

*Pfefferkorn and Cooley, by David C. Pishko, for plaintiff appellant.*

*Johnston, Johnston and Worth, by Thomas S. Johnston, for defendant appellees.*

---

---

MORRIS, Chief Judge.

**[1]** Plaintiff, by assignments of error Nos. 1 and 2, contends the court committed reversible error when it allowed the court appointed surveyor and another surveyor who had surveyed the land in the past to state their opinions as to the true boundary line between plaintiff and defendants Woodie and between plaintiff and defendant Miller. We agree that this constituted error sufficiently prejudicial to require a new trial.

Where the true boundary is is a question of fact for the jury. What the boundary is is a question of law for the court. *Benton v. Lumber Co.*, 195 N.C. 363, 142 S.E. 229 (1928); *McDaris v. "T" Corporation*, 265 N.C. 298, 144 S.E. 2d 59 (1965) [where the boundaries are is a conclusion the jury might draw from competent evidence, but the witness is not permitted to do so]; *Huffman v. Pearson*, 222 N.C. 193, 22 S.E. 2d 440 (1942); *Lumber Co. v. Bernhardt*, 162 N.C. 460, 78 S.E. 485 (1913) ["*What* are the termini or boundary of grant or deed is matter of law; *where* these termini are is matter of fact. The court must determine the first, and to the jury it belongs to ascertain the second"], at 464 *quoting Tatem v. Paine*, 11 N.C. 64 (1825); *see also Beal v. Dellin*, 38 N.C. App. 732, 248 S.E. 2d 775 (1978).

That the surveyor may not give his opinion as to where the boundary is was early declared to be the rule in this jurisdiction in *Stevens v. West*, 51 N.C. 49, 53 (1858). With respect to the testimony of a surveyor, the Court said:

We think that the question upon which General McRae was asked to give his opinion, was not one of science, or skill, as to which, as an expert, he could be interrogated. The enquiry was as to the beginning corner of the Watson grant, and that was a simple question of fact, to be proved like any other fact. He might have been asked with propriety, had it been necessary, whether from the marks on the pine tree which he found buried in the mud, he believed that it had been marked as a corner, and was the corner tree of some tract of land. The ascertainment of the marks, on the tree, and the purpose for which they were put there were matters of science and skill appertaining to the business of a surveyor, but whether the tree was the corner of the Watson grant, or of some other grant or conveyance, was not at all a question requir-

ing the peculiar knowledge of an engineer or surveyor. Thus, we find it stated that a "practical surveyor may express his opinion, whether the marks or trees, piles of stones, &c., were intended as monuments of boundaries; but he cannot be asked whether, in his opinion, from the objects and appearances which he saw on the ground, the tract he surveyed was identical with the tract marked on a certain diagram." See 1st Greenf. on Ev. section 440, and the cases there cited.

See also Clegg v. Fields, 52 N.C. 37 (1859), where the Court, following Stevens, held that the opinion of a surveyor, qualified as an expert, was competent to show that certain marks on a tree claimed as a corner "were corner or linemarks, but it was not admitted to show, as a question of science, that this was the corner or those the lines of the Bettis grant."

The limitations upon a surveyor's testimony were clearly delineated by the Court in Norwood v. Crawford, 114 N.C. 513, 524, 19 S.E. 349 (1894):

> It was not contemplated that the surveyor should be treated in any sense as a referee, or should in his report give the court the benefit of his conclusions of law. He is required to survey the lines according to the contention of each of the parties and to make a map in which shall be designated, by lines and letters or figures, the boundaries as claimed by each. His report should show by what deed or deeds he surveyed, at the request of either, and the successive calls surveyed, with detailed accounts of the measurement by course and distance, also of the marked trees or corners claimed as such, and what was the nature and appearance of the marks, whether course and distance were disregarded in running any given line, whether any steps were taken to ascertain the age of the marks on line trees and corners, and all other facts developed by such survey as would tend to enlighten a court or jury in the trial of a controversy as to boundary.

The reason for the rule is advanced in 1 Stansbury, N.C. Evidence § 130 (Brandis rev. 1973):

> Obviously a nonexpert may not testify to the legal effect of a transaction or other fact, although he may testify to the fact

itself if within his knowledge. It is on this principle that a surveyor is allowed to give evidence as to the boundaries of land described in a deed when his testimony relates only to facts within his knowledge, but not when it embodies a mixed question of law and fact.

See cases cited.

We are aware that other jurisdictions have allowed a surveyor, testifying as an expert, to give his opinion with respect to where the true boundary line is. We are also aware that the line of cases applying the rule in this State has evoked some criticism. Wigmore on Evidence, 3d Ed. § 1956. However, the rule is firmly ensconsed in the law in this State, and the Supreme Court has not seen fit to change it.

[2] We feel a discussion of one other assignment of error might be helpful at retrial. Appellant argues that the court committed prejudicial error in instructing the jury that they must find either the plaintiff's contention or defendants' contention to be the true boundary line and by submitting issues in accordance with this instruction. While on this appeal appellant's objection to the issues comes too late, the point he makes is well taken. In a processioning proceeding, it is, of course, the duty of the jury to locate the boundary. Petitioner has the burden of proof. If petitioner fails to carry that burden, the jury in the absence of an agreement that one or the other is the true line need not fix the boundary according to respondent's contentions but may locate the line wherever the jury feels the evidence requires. *Beal v. Dellinger*, 38 N.C. App. 732, 248 S.E. 2d 775 (1978). *Cornelison v. Hammond*, 225 N.C. 535, 35 S.E. 2d 633 (1945); *McCanless v. Ballard*, 222 N.C. 701, 24 S.E. 2d 525 (1943). In the case before us, the court submitted two issues; one, the petitioner's contention; and the other, the respondents' contention, and instructed the jury that a unanimous verdict was required as to one or the other. The jury was instructed to circle petitioner's contention if they found that he had carried his burden of proof. If the jury determined he had not carried his burden of proof, the respondents' contention would be circled. There was no agreement that either petitioner's contentions or respondents' contentions would be the true line. As suggested by Justice Barnhill in *Greer v. Hayes*, 216 N.C. 396, 5 S.E. 2d 169 (1939), the better practice would be to submit one issue,

substantially similar to the following: "Where is the true dividing line between the lands of the plaintiff and the lands of the defendant?" *Welborn v. Lumber Co.*, 238 N.C. 238, 77 S.E. 2d 612 (1953).

Plaintiff's contention that the court erroneously instructed on adverse possession is without merit. The jury did not reach this issue in either case, and no prejudice to plaintiff can be shown.

New trial.

Judges WEBB and WHICHARD concur.