JAMES K. CARSON AND WIFE, BELINDA McCALL CARSON v. LEE REID

No. 8429SC878

(Filed 6 August 1985)

**Boundaries § 14— surveyor's opinion of boundary location—improperly admitted**

    The trial court erred in a boundary dispute by allowing a surveyor to testify as to where the boundary line ran, and the error was prejudicial because there was no other evidence upon which the trial court, sitting without a jury, could have made the finding of fact and conclusion of law on where the boundary ran.

    Judge PHILLIPS dissenting.

APPEAL by petitioners from *Snepp, Judge.* Judgment entered 19 April 1984 in Superior Court, TRANSYLVANIA County. Heard in the Court of Appeals 16 April 1985.

*Ramsey and Cilley by Robert S. Cilley for petitioner appellants.*

*Jack H. Potts and Paul B. Welch, III, for respondent appellee.*

COZORT, Judge.

Petitioners filed an action pursuant to Chapter 38 of the North Carolina General Statutes seeking to establish the boundary line between their property and the property of respondent. The trial court, sitting without a jury, found that the petitioners had failed to prove the existence of the boundary line as contended in the petition and entered judgment for respondent. From that judgment the petitioners appeal, contending the court erred in receiving, considering, and basing judgment upon opinion evidence from respondent's expert witness on where the boundary line ran. We reverse and order a new trial.

This dispute arose in the fall of 1981 when petitioners began construction of a house on property which had been deeded to them by their parents, who had acquired the land from Cecil Robinson. Respondent informed petitioners that the house was being built on property he had acquired in 1951 from the heirs of L. E. Reese, the original common owner of both properties. Respondent contends the boundary separating his property from petitioners' property is north of the house, which would place the house constructed by petitioners on respondent's land. Petitioners contend the boundary is south of the house, placing the house on petitioners' land.

During the course of the trial, respondent's surveyor, Perry Raxter, was permitted to testify, over petitioners' objections, that he had located some of the "corners" of the tracts in question. During the course of his testimony, the following transaction occurred, again over petitioners' objection:

> Question: "Does that line, in your opinion, accurately represent the dividing line between the two grants?"

> Counsel for Petitioners: "Objection, *Combs v. Woodie*; he may not express an opinion."

> The Court: "Overruled."

> The Witness: "Yes, Sir."

In its judgment, the trial court found as fact:

> 5. That Perry Raxter, a registered land surveyor, testified that he located the southwest corner of Grant No. 12122 and the northwest corner of Grant No. 10879 on the ground in an actual survey, and that said corner is presently memorialized by a hickory. Said hickory appears on his plat.

In its conclusions of law, the trial court stated:

> 3. That said (boundary) line was located on the ground by Raxter, and runs between a hickory and a white oak.

The court then ordered:

> Based on the foregoing conclusions of law, it is ordered, adjudged and decreed that the true boundary line between the tracts of petitioners and respondent is hereby declared to

be the solid blue line shown on the northern boundary of the Lee Reid tract on the plat prepared by Perry R. Raxter, RLS.

Where the trial judge serves as the trier of fact, our scope of review is limited. "The trial court's findings of fact have the force and effect of a verdict by jury and are conclusive on appeal if there is evidence to support them, even though evidence might sustain findings to the contrary." *Dixon v. Kinser*, 54 N.C. App. 94, 96, 282 S.E. 2d 529, 531, *disc. rev. denied*, 304 N.C. 775, 288 S.E. 2d 805 (1981). Our review of the record before us reveals no competent evidence to support the court's findings.

It is well established in this State that a land surveyor, even as an expert witness, cannot give his opinion as to where a true boundary is. "Where the true boundary is is a question of fact for the jury. What the boundary is is a question of law for the court . . . . That the surveyor may not give his opinion as to where the boundary is was early declared to be the rule in this jurisdiction in *Stevens v. West*, 51 N.C. 49 (1858)." *Combs v. Woodie*, 53 N.C. App. 789, 790, 281 S.E. 2d 705, 706 (1981). Thus, it was error for the court to allow Raxter's testimony on where the boundary line runs. However, in a trial by the court sitting as factfinder, "we presume that the trial judge disregards incompetent evidence. [Citation omitted.] On appeal, it must be shown that the trial judge was affirmatively influenced by the incompetent matter to justify a finding of prejudicial error." *Spencer v. Spencer*, 70 N.C. App. 159, 167, 319 S.E. 2d 636, 643 (1984).

It is clear from the judgment below that the trial court was affirmatively influenced by the incompetent opinion testimony of the expert surveyor. In declaring as a conclusion of law that the boundary "line was located on the ground by Raxter and runs between a hickory and a white oak," the trial judge based the resolution of the ultimate issue not on his own findings, but rather on the incompetent testimony alone. In our review of the record before us, we find no other evidence upon which the court could have made the disputed finding of fact and conclusion of law on where the boundary runs. Thus, the trial court's error was prejudicial and the petitioner is entitled to a new trial.

New trial.

Judge ARNOLD concurs.

Judge PHILLIPS dissents.

Judge PHILLIPS dissenting.

I dissent. In my view the line that Judge Snepp found is sup-
ported by competent evidence and I vote to affirm. The monu-
ments that the line follows as a matter of course were established
by competent testimony that was not objected to.