L. T. LIVERMON, JR. AND WIFE, NANCY B. LIVERMON, PETITIONERS v. BETTY GILLIAM BRIDGETT AND HUSBAND, WILLIAM M. BRIDGETT; DAISY GILLIAM ALLEN, DIVORCED; ELIZABETH SAUNDERS GILLIAM, WIDOW; SANDRA GILLIAM, UNMARRIED; YVONNE GILLIAM BEARD AND HUSBAND, ARNOLD WILLIAM BEARD; DEBRA GILLIAM, UNMARRIED; CONNIE GILLIAM JOHNSON AND HUSBAND, _____ JOHNSON; JAMES NORMAN PARKER, UNMARRIED; JAMES F. BRIDGETT AND WIFE, MAMIE HECKSTALL BRIDGETT, ORIGINAL RESPONDENTS, AND DELTHEMA ALLEN RUFFIN (NOW DELTHEMA ALLEN COFIELD) AND WILLIE L. RUFFIN, HER HUSBAND, ADDITIONAL RESPONDENTS

No. 856SC148

(Filed 29 October 1985)

1. **Reference § 3.1; Rules of Civil Procedure § 53— compulsory reference in boundary dispute**

    The trial court did not err in ordering a compulsory reference pursuant to G.S. 1A-1, Rule 53(a)(2)(c) where the pleadings showed a potentially complicated boundary dispute in which one side claimed the boundaries were not as stated in the deeds but were marked by known and visible boundaries on the ground.

2. **Rules of Civil Procedure § 50.4— motion for judgment n.o.v.—necessity for motion for directed verdict**

    A motion for a directed verdict is a prerequisite to a motion for judgment notwithstanding the verdict.

### 3. Boundaries § 15.1— sufficient evidence to support verdict

The evidence in a boundary proceeding supported a verdict that the boundaries were as contended by respondents where respondents presented evidence tending to show that respondents' intestate and her husband had occupied, cultivated, and timbered the lands under known and visible boundaries from at least 1936 until her death in 1967 and that her heirs had continued to occupy these lands after her death, that these boundaries were represented by natural monuments of some age, that the fields had been cultivated and the timber cut to these boundaries, and that no demand for rent had been made by or rent paid to adjoining landowners, and where petitioners' evidence consisted primarily of surveys prepared by the male petitioner from deeds, and the boundaries on these surveys were marked with monuments placed there by petitioner.

### 4. Appeal and Error § 31.1— effect of failure to object to charge at trial

Petitioners are barred from assigning error to the charge where they did not object to any portion of the charge at trial. App. Rule 10(b)(2).

### 5. Boundaries § 13— exclusion of private maps

The trial court in a boundary proceeding did not err in excluding maps prepared by petitioners of surveys of the lands in question and of adjoining lands where petitioners only moved for general admission of the maps into evidence and did not request admission for the limited purpose of illustration. Even if the private maps should have been admitted for illustrative purposes, exclusion of the maps was not prejudicial since petitioners' witnesses were allowed to illustrate their testimony on the official court map.

### 6. Boundaries § 10.2; Evidence § 41— surveyor's opinion as to location of boundary

Although it was permissible under G.S. 8C-1, Rule 704 for a surveyor to state his opinion as to the location of a boundary, the trial court did not err in excluding a surveyor's opinion testimony locating the boundaries on private maps and allowing the surveyor to state his opinion only as to the boundaries on the official court map.

### 7. Evidence § 15— boundary dispute—applicability of Rules of Evidence

The Rules of Evidence applied in the trial of a boundary dispute before a jury in September 1984, after the Rules went into effect, although the matter had been heard before the referee in July 1982 before the Rules went into effect.

### 8. Boundaries § 10.2— cross-examination of surveyor

A question in a boundary proceeding posed by respondents to petitioners' surveyor that ". . . if you assume the location of one of the points you could put them on the ground anywhere in Bertie County, couldn't you?" concerned a legitimate area of cross-examination and was not unduly argumentative.

### 9. Adverse Possession § 24— evidence competent on adverse possession issue

Evidence concerning cultivation of a field on the tract in question, the payment or nonpayment of rent, the cutting of wood from the land, and hunting upon the land was relevant to the issue of adverse possession.

Livermon v. Bridgett

**10. Evidence § 33— assertion of another—when not inadmissible hearsay**
    An assertion of one other than the presently testifying witness is not inadmissible hearsay when it is not offered for the truth of the matter asserted. G.S. 8C-1, Rules 801(c) and 802.

APPEAL by petitioners from *Lewis, Judge.* Judgment signed out of county out of session by consent 23 September 1984. Heard in the Court of Appeals 19 September 1985.

Petitioners instituted this special proceeding seeking a partition of land owned by petitioners and respondents which they inherited from Daisy J. Gilliam through intestate succession. Respondents answered, asserting a counterclaim in which they alleged that the specific courses and distances given in the deeds had not been precisely marked upon the ground, and that Daisy Gilliam had possessed the land for more than twenty years under known and visible lines and boundaries. They sought a determination of the boundaries of the Daisy J. Gilliam lands pursuant to Chapter 38 of the General Statutes prior to any partitioning. On 9 February 1981, Superior Court Judge George M. Fountain, finding the proceeding involved a complicated question of boundary which might require a personal view of the premises, ordered a compulsory reference pursuant to Rule 53(a)(2)(c) of the Rules of Civil Procedure. After hearing evidence and viewing the premises, the referee rendered a report in which he concluded that the boundaries were as contended by respondents. The parties excepted to the referee's report and renewed their demands for a jury trial. On 3 September 1984, the matter was heard before a judge and jury upon the issues framed by the exceptions to the referee's report and the evidence presented to the referee. The jury found the boundaries to be as contended by respondents. From a judgment entered in accordance with the jury's verdict, petitioners appealed.

*Pritchett, Cooke & Burch, by W. L. Cooke, for petitioner appellants.*

*Gillam and Gillam, by M. B. Gillam; Moore and Moore, by Milton E. Moore; and Taylor and McLean, by Donnie R. Taylor, for respondent appellees.*

JOHNSON, Judge.

Petitioners have brought forward ten assignments of error. We have carefully considered each of them and find them to be without merit.

[1] By their first assignment of error, petitioners contend that the court erred in ordering a compulsory reference. Rule 53(a)(2)(c) of the Rules of Civil Procedure allows a court, when the parties do not consent to a reference, to order a reference on its own motion when the case involves a complicated question of boundary or requires a personal view of the premises. The ordering of a reference is within the sound discretion of the court. *Long v. Honeycutt*, 268 N.C. 33, 149 S.E. 2d 579 (1966). Here, the pleadings showed a potentially complicated boundary dispute in which one side claimed the boundaries were not as stated in the deeds but were marked by known and visible boundaries on the ground. A view of the premises would, therefore, be helpful. We thus find no abuse of discretion by the trial court in ordering the reference.

Petitioners' second assignment of error is that the referee's findings of fact were not supported by evidence. The referee's findings, however, were superseded by the jury's verdict and rendered moot. The court entered judgment in accordance with the jury's verdict.

[2, 3] By their third, fourth and sixth assignments of error, respectively, petitioners contend the court erred in denying their motion to set aside the verdict as being against the greater weight of the evidence, in failing to "set aside the verdict and render judgment for the petitioners for as a matter of law the evidence of respondents was insufficient to support a judgment," and in entering judgment for respondents. No motion for judgment notwithstanding the verdict appears in the record nor is there a motion for directed verdict, a prerequisite for making a motion for judgment notwithstanding the verdict. *Graves v. Walston*, 302 N.C. 332, 275 S.E. 2d 485 (1981). Petitioners' fourth assignment of error is, therefore, dismissed. Petitioners did, however, make a motion to set aside the verdict as being against the greater weight of the evidence. A motion to set aside a verdict as being contrary to the greater weight of the evidence is addressed to the sound discretion of the trial judge, whose ruling is not reviewable absent a showing of an abuse of discretion. *Nyto Leas-*

*ing v. Southeastern Motels*, 40 N.C. App. 120, 132, 252 S.E. 2d 826, 834 (1979). Respondents presented evidence tending to show that Daisy Gilliam and her husband had occupied, cultivated, and timbered the lands under known and visible boundaries from at least 1936 until her death in 1967 and that her heirs had continued to occupy these lands after her death; that these boundaries were represented by natural monuments of some age; and that the fields had been cultivated, and the timber cut, to these boundaries and that no demand for rent had been made by, or rent paid to, adjoining landowners. On the other hand, petitioners' evidence consisted primarily of surveys prepared by petitioner L. T. Livermon, a surveyor, from deeds. The boundaries on these surveys were marked with man-made monuments placed by petitioner. We therefore find no abuse of discretion. We consequently overrule petitioners' third and sixth assignments of error.

**[4]** By their fifth assignment of error, petitioners except to a portion of the court's charge. Petitioners, however, did not object to any portion of the court's charge at trial. Consequently, they are barred from assigning error to the charge. Rule 10(b)(2) Rules of Appellate Procedure; *Durham v. Quincy Mut. Fire Ins. Co.*, 311 N.C. 361, 317 S.E. 2d 372 (1984). This assignment of error is dismissed.

**[5]** By their seventh assignment of error, petitioners contend the court erred in excluding maps they prepared of surveys of the lands in question and of adjoining landowners. The law is well settled that private maps are inadmissible as substantive evidence, but may be used for illustrative purposes if a witness testifies to their accuracy from first hand knowledge. 1 Brandis, North Carolina Evidence sec. 153 (2d Rev. Ed. 1982); *Cutts v. Casey*, 278 N.C. 390, 180 S.E. 2d 297 (1971). Petitioners only moved for their general admission into evidence and did not request for their admission for the limited purpose of illustration. Under these circumstances, we cannot say the exclusion of the maps was error. *See Freeman v. Ponder*, 234 N.C. 294, 67 S.E. 2d 292 (1951); *State v. Graham*, 35 N.C. App. 700, 242 S.E. 2d 512 (1978).

**[6]** Even if the private maps should have been admitted for illustrative purposes, the error was not prejudicial, as petitioners' witnesses were freely allowed to illustrate their testimony on the official court map. For the same reason, we overrule petitioners'

eighth assignment of error in which they contend the court erred in excluding petitioner L. T. Livermon's opinion testimony as to the location of the boundaries of the lands in question. Before the Rules of Evidence were enacted the rule had long been that a surveyor could not state his opinion as to the location of a boundary. *See e.g., Combs v. Woodie*, 53 N.C. App. 789, 281 S.E. 2d 705 (1981). The rationale for the rule was that the expert was invading the province of the jury as fact finder. Under Rule 704 of the Rules of Evidence, however, an expert may express an opinion on an ultimate issue of fact to be decided by the jury. G.S. 8C-1, Rule 704 (Cum. Supp. 1981). The Rules of Evidence were made applicable to actions commenced after 1 July 1984 and to actions then pending unless application of the Rules would not be feasible or would work an injustice. 1983 Sess. Laws c. 701 s. 3.

[7] In the present case, the matter was heard before the referee in July 1982 and before a jury in September 1984, after the Rules went into effect. The Rules therefore apply. Applying the Rules would not be unfeasible or work an injustice because the trial court, in presenting the transcript of evidence before the referee, ruled upon objections to the evidence *de novo*. All of the evidence and testimony presented to the referee, whether competent or incompetent, was included in the transcript.

We have reviewed each of the numerous exceptions listed under this assignment of error and find that the court only excluded opinion testimony locating the boundaries on private maps. The court allowed petitioner to state his opinion as to the boundaries on the official court map. This assignment of error is overruled.

Petitioners also attempt to argue under their eighth assignment of error that the court improperly excluded evidence. No exception to these matters appears in the record on appeal; therefore, these matters cannot be considered. Rule 10(a), Rules of Appellate Procedure.

[8] By their ninth assignment of error, petitioners contend the court erred in admitting incompetent and irrelevant evidence. They first submit that the court improperly overruled their objection to the following question posed by respondents to a surveyor called by petitioners: "Now, if you assume the location of one of the points you could put them on the ground anywhere in Bertie

County, couldn't you?" Petitioners argue the question was argumentative. It is well settled that the trial judge has wide discretion in controlling the scope of cross-examination and may limit cross-examination which is unduly repetitive and argumentative. 1 Brandis, North Carolina Evidence sec. 35 (2d Rev. Ed. 1982); *State v. Daye*, 281 N.C. 592, 189 S.E. 2d 481 (1972). Here, the witness had testified on direct examination that he had platted the courses and distances on the deed. He later testified on cross-examination that he did not have personal knowledge of the location of the monuments and points called for in the deeds. Respondents' question soon followed this acknowledgment. The question concerned a legitimate area of cross-examination and was not unduly repetitive or argumentative. We hold the court did not abuse its discretion in overruling the objection.

[9] Petitioners also contend the court erred in admitting evidence by respondents as to the cultivation of a field on the tract, the payment or nonpayment of rents, the cutting of wood from the land, and hunting upon the land. They contend the evidence was irrelevant. This evidence, however, was clearly relevant to the issue of adverse possession. This argument is clearly without merit.

[10] By their tenth and final assignment of error, petitioners contend that the court erred in overruling their objections to the following questions asked to respondent William Bridgett regarding his cultivation of a field in the lands in dispute:

Q. Have you had permission from the heirs to do so?

A. From the heirs.

Mr. Cooke: Objection.

Overruled.

Q. Well, how did you happen to continue cultivating it after Daisy Gilliam died?

Mr. Cooke: Objection.

Overruled.

A. Got permission from the heirs. They told me to keep it up and pay the tax on it.

They contend the evidence was hearsay. An assertion of one other than the presently testifying witness is hearsay and inadmissible if offered for the truth of the matter asserted. If offered for any other purpose, the assertion is admissible. 1 Brandis, North Carolina Evidence sec. 138 (2d Rev. Ed. 1982); G.S. 8C-1, Rules 801(c) and 802 (Cum. Supp. 1981). Here, the evidence was not offered for the truth of the matter asserted.

By failing to bring forward assignments of error eleven and twelve, petitioners are deemed to have abandoned them. Rule 28(a), Rules of Appellate Procedure.

For the foregoing reasons, we find

No error.

Judges EAGLES and PARKER concur.