GREEN HI-WIN FARM INC. AND EDDIETRON, INC. v. GILMER L. NEAL, JR.,
STEPHEN M. WESTMORELAND AND WIFE JANICE C. WESTMORELAND,
DUKE POWER COMPANY, AND STEVEN C. MOORE AND WIFE DORIS H.
MOORE

No. 8621SC336

(Filed 4 November 1986)

**1. Appeal and Error § 31.1— jury instructions—failure to object**

Defendant in a processioning proceeding could not complain on appeal that
the trial court failed to give equal stress to his evidence tantamount to an im-
plicit expression of opinion or that the charge was incomplete, since the court,
at the close of the jury charge, asked each party out of the presence of the
jury if they had any objections to the jury charge and counsel for defendant
responded negatively. Appellate Rule 10(b)(2).

**2. Boundaries § 10.1— expert witness surveyor—opinion testimony admissible**

The trial court in a processioning proceeding did not err in admitting over
objection the opinion of the expert witness surveyor as to the location of the
beginning point of defendant's property, since such testimony was not an opin-
ion embracing the ultimate issue but was instead an elaboration of an earlier
statement made on direct examination.

**3. Rules of Civil Procedure § 53— processioning proceeding—compulsory refer-
ence not required**

There was no merit to defendant's contention in a processioning pro-
ceeding that, because the case involved a complicated question of boundary,
the court was compelled to order a compulsory reference pursuant to N.C.G.S.
§ 1A-1, Rule 53(a)(2)(c), since the word "may" as used in the rule connotes per-
missive and not mandatory power in the court to grant the reference.

APPEAL by defendant Gilmer L. Neal, Jr. from *Rousseau,
Judge.* Judgment entered 13 August 1985, Superior Court, FOR-
SYTH County. Heard in the Court of Appeals 28 August 1986.

Plaintiffs instituted this processioning proceeding pursuant
to G.S., Chap. 38 on 7 July 1980 to establish the true boundary
between the western edge of their properties as it abuts the east-
ern boundary of defendant Gilmer L. Neal, Jr.'s property. Defend-
ant Neal filed answer disputing plaintiffs' boundary contentions.
No boundary dispute exists between plaintiffs and defendants
Stephen M. Westmoreland and wife Janice C. Westmoreland;
Duke Power Company; Steven C. Moore and wife, Doris H.
Moore, who were named party defendants merely as possible af-
fected adjoining property owners. Defendant Duke Power Com-

pany filed answer averring that the boundary between the properties in question is as contended by plaintiffs. On 29 October 1980, Joyce Engineering and Mapping Company, Inc., the court appointed surveyor, presented a report and map to the court regarding the property at issue as ordered. On 13 November 1980, A. E. Blackburn, Clerk of Forsyth Superior Court, confirmed the map presented by Joyce Engineering and Mapping Company as the true and accurate description of the disputed boundary. This map was consistent with plaintiffs' contentions. On 25 November 1980, defendant Gilmer Neal, Jr. appealed to Superior Court for trial de novo and requested a trial by jury. On 3 November 1983, the court granted defendant Neal's motion pursuant to G.S. 38-3 and ordered the court appointed surveyor to survey the boundary line in accordance with his contentions and present a plat of those contentions to the court. This matter came to trial during the 10 June 1985 session of Forsyth County Superior Court. From a jury verdict finding the true boundary to be as contended by plaintiffs, defendant Neal appeals.

*Sparrow & Bedsworth, by W. Warren Sparrow and George A. Bedsworth, for plaintiff appellees.*

*R. Michael Wells, for defendant appellant Neal.*

*Womble Carlyle Sandridge & Rice, by W. P. Sandridge, Jr., for defendant appellee Duke Power Company.*

JOHNSON, Judge.

[1]   Defendant Gilmer L. Neal, Jr., by his first Assignment of Error, contends the court erred in its charge to the jury by failing to give equal stress to his evidence tantamount to an implicit expression of opinion adverse to his cause. At the close of the jury charge the court asked each party out of the presence of the jury whether they had any objections to the jury charge. Counsel for defendant Neal responded, "No, sir."

Rule 10(b)(2), N.C. Rules App. P., states:

No party may assign as error *any portion* of the jury charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly that to which he objects and the grounds of his objection; provided,

Green Hi-Win Farm, Inc. v. Neal

that opportunity was given to the party to make the objection out of the hearing of the jury, and, on request of any party, out of the presence of the jury.

Rule 10(b)(2), N.C. Rules App. P. (emphasis added). The review of the evidence and the statement of the parties' contentions are a "portion of the jury charge" and come within the purview of Rule 10(b)(2), N.C. Rules App. P. The Rules of Appellate Procedure are mandatory. *Craver v. Craver*, 298 N.C. 231, 258 S.E. 2d 357 (1979). By failing to articulate an objection at the trial before the jury retired to consider its verdict, defendant is deemed to have waived his objection pursuant to the clear language of Rule 10(b)(2), N.C. Rules App. P. Nonetheless, we have reviewed the court's restatement of the facts and contentions of the parties and find no inaccuracies or expression of opinion. Defendant's argument is without merit. This Assignment of Error is overruled.

[2] Defendant, by his second Assignment of Error, contends the court erred by admitting over objection the opinion of the expert witness surveyor as to the location of the beginning point of defendant's property. We acknowledge a line of cases in support of his position, including two cases which defendant cited as authority. *Stevens v. West*, 51 N.C. 49 (1858); *Carson v. Reid*, 76 N.C. App. 321, 332 S.E. 2d 497 (1985), *aff'd*, 316 N.C. 189, 340 S.E. 2d 109 (1986); *Combs v. Woodie*, 53 N.C App. 789, 281 S.E. 2d 705 (1981). Defendant argues that the testimony elicited from the surveyor impermissibly invaded the province of the jury. We are unpersuaded by defendant's argument. Defendant incorrectly classifies the testimony at issue as an opinion embracing the ultimate issue. Rather, the testimony, when placed in context, is seen to be an elaboration of an earlier statement made on direct examination. Specifically, on direct examination by plaintiff, the same expert testified without objection regarding a deed as follows:

A. All right. The deed begins reading, 'Beginning at the intersection of the westerly line of the Gil Neal property and the center line of the railroad—' at the beginning of this thing.

Q. Go ahead.

A. If I can explain? That is a miscall where it says, 'Beginning at the intersection of the westerly line of the Gil Neal

property,' which would be over here. The following calls will illustrate why I'm saying that, because it goes then from that point north 27-52 east 47.8 feet, which is over in here. It followed the old deed from Neal, Sr., to Haithcox.

On cross-examination by counsel for defendant Duke Power Company the following exchange occurred, with the exception at issue noted:

Q. Is that an error, that saying east when you mean west and west when you mean east, is that something you run into not infrequently in your work?

MR. RUTLEDGE: Object.

THE COURT: Sustained to that.

Q. Well, is there any question in your mind that the beginning point is, in fact, where you identify the beginning point?

MR. RUTLEDGE: Your Honor, object.

A. No, sir, no question.

THE COURT: Overruled. *EXCEPTION NUMBER 5*

Q. You may answer the question.

A. No question about it.

Q. Why is there no question about it?

A. Because it matches up with the old deed from Neal to Haithcox and several other deeds and maps of the area.

The question to which defendant Neal objects is a permissible attempt to test the reliability of the expert witness' earlier statement made on direct examination. The question does not offend North Carolina's "wide-open" cross-examination rule. *See* G.S. 8C-1, Rule 611(b) and commentary. This Assignment of Error is overruled.

We note in passing that defendant's reliance upon *Stevens v. West, supra,* and *Combs v. Woodie, supra,* is misplaced. Even though commenced in 1980, this case did not go to trial until 1985. This proceeding was pending 1 July 1984, the effective date of Chapter 8C, the Evidence Code; hence, Chapter 8C was applicable to this cause. *See* 8C-1 Editor's Note. G.S. 8C-1, Rule 704, pro-

vides that opinion testimony "is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." This rule abrogates the doctrine that opinion testimony should be excluded for the reason that it goes to the ultimate issue which should be decided by the trier of fact. *Livermon v. Bridgett*, 77 N.C. App. 533, 538, 335 S.E. 2d 753, 756 (1985), *disc. rev. denied*, 315 N.C. 391, 338 S.E. 2d 880 (1986).

[3] Defendant, in his third Assignment of Error, contends the court abused its discretion by failing to order a compulsory reference. We disagree.

Rule 53(a), N.C. Rules Civ. P., provides as follows:

(a) Kinds of Reference.

(1) *By Consent.* Any or all of the issues in an action may be referred upon the written consent of the parties except in actions to annul a marriage, actions for divorce, actions for divorce from bed and board, actions for alimony without the divorce or actions in which a ground of annulment or divorce is in issue.

(2) *Compulsory.* Where the parties do not consent to a reference, the court may, upon the application of any party or on its own motion, order a reference in the following cases:

    a. Where the trial of an issue requires the examination of a long or complicated account; in which case the referee may be directed to hear and decide the whole issue, or to report upon any specific question of fact involved therein.

    b. Where the taking of an account is necessary for the information of the court before judgment, or for carrying a judgment or order into effect.

    c. Where the case involves a complicated question of boundary, or requires a personal view of the premises.

    d. Where a question of fact arises outside the pleadings, upon motion or otherwise, at any stage of the action.

Defendant Neal argues that because this case involved a complicated question of boundary, the court was compelled to order a compulsory reference pursuant to Rule 53(a)(2)(c), N.C. Rules Civ.

P. Defendant misconstrues this statute. The word "may" as used in the rule connotes permissive and not mandatory power in the court to grant the reference. W. Shuford, N.C. Civil Practice and Procedure sec. 53-4 (2d ed. 1981). Once a court orders a reference, whether upon application by any party or on its own motion, it is "compulsory" only as to the parties to the processioning action. This Assignment of Error is overruled.

[1] Defendant, in his fourth and last Assignment of Error, presents an argument again challenging the jury charge. This time defendant contends the jury charge was incomplete, that the court failed to instruct the jury fully "by not explaining the call for monument, by not determining which objects were monuments and by not defining the technical terms 'call' and 'course.' "

At the charge conference conducted in chambers the following exchange took place:

THE COURT: Well, this is the charge conference. You have any requests, Mr. Rutledge?

MR. RUTLEDGE: [Counsel for defendant] No, sir, I do not.

THE COURT: Do you have any requests about natural monuments or stakes?

MR. RUTLEDGE: Yes, I think natural monuments would take priority over determining distances over artificial stakes if you would give the jury some guidance on those rules.

THE COURT: Monuments prevail over distances.

MR. SANDRIDGE: Along that same line, Your Honor, I would also ask the Court charge that the monuments are, in fact, corners and that this is law from my brief that recites the calls and the distances are merely ways of identification where those corners are. The corners control.

MR. RUTLEDGE: Your Honor, my request was for natural monuments.

THE COURT: Yes, sir.

The court did instruct the jury that natural monuments take priority over stakes as requested by defendant. Defendant had an opportunity to object to the court's instructions or request special

instructions out of the presence of the jury when the charge con-
ference was conducted in chambers and again at the close of the
jury charge when the court asked all parties whether they had
any objections. Defendant failed on both occasions to raise any of
the objections which he now attempts to raise for the first time
on appeal. Defendant is deemed to have waived all such objec-
tions to the jury instruction under Rule 10(b)(2), N.C. Rules App.
P.; *City of Winston-Salem v. Hege*, 61 N.C. App. 339, 341, 300 S.E.
2d 589, 590 (1983). Defendant's last Assignment of Error is over-
ruled.

No error.

Judges BECTON and COZORT concur.