JONES v. AREHART

[125 N.C. App. 89 (1997)]

## V.

———

ELEANOR R. JONES, Petitioner-Appellee v. RALPH J. AREHART, Respondent-Appellant

No. COA96-324

(Filed 7 January 1997)

**1. Evidence and Witnesses § 811 (NCI4th)— boundaries — altered map—additional names—admissibility**

The trial court did not err by admitting into evidence a copy of a map which had been altered by the addition of two names where the plaintiff petitioned the court to establish the boundary line between her property and the adjoining property owned by defendant. The parties purchased their properties from the

JONES v. AREHART

[125 N.C. App. 89 (1997)]

same seller. The evidence indicated that a map filed in 1967 was meant to include the alleged alterations. Further, the record showed that petitioner's deed incorporated the references to the names on the altered map in its description of the property at issue. N.C. Gen. Stat. § 8-18 (1986) allows a certified copy of a registered map to be introduced into evidence unless it is shown by affidavit that there is some material variance from the original map in the registry. There was no evidence that the certified copy introduced at trial was different from the recorded copy.

**Am Jur 2d, Evidence §§ 988-990.**

2. **Boundaries § 7 (NCI4th)— adjacent property—court appointed surveyor—starting point—ditch—deed not specific—unknown corner**

It was not error for the trial court to allow the court-appointed surveyor, in a boundary dispute case, to locate lines in defendant's deed by starting at a point other than the starting point called for in the deed where the first point called for in defendant's deed was unknown in that the parties disagreed as to which ditch was the one described in respondent's deed. Furthermore, there was more than one ditch on the property in question and the deed did not specify which ditch was the starting point. The boundaries of a parcel of land should be determined by following the directions and in the sequence given in the deed. However, if a particular corner is unknown and cannot be determined by adhering to the directions in the sequence specified, it is permissible to go to a subsequent known or established corner and by reversing the direction fix the location of the unknown corner.

**Am Jur 2d, Boundaries §§ 64-76.**

3. **Evidence and Witnesses § 2359 (NCI4th)— court-appointed surveyor—opinion testimony—adjoining property—boundary line**

The trial court did not err by precluding the appointed surveyor from giving his opinion as to the location of the beginning point in respondent's deed where plaintiff petitioned the court to establish the boundary line between her property and adjoining property owned by defendant. A court-appointed surveyor may not offer his opinion as to the location of a disputed boundary line since that is an issue for the jury.

**Am Jur 2d, Expert and Opinion Evidence §§ 47-52.**

**4. Evidence and Witnesses § 1020 (NCI4th)— declaration against interest—adjacent properties—boundary—exclusion not prejudicial**

Respondent was not prejudiced by the trial court's exclusion of a former landowner's declaration against interest as to the location of a boundary line where the witness was permitted to identify the ditch that the former owner considered to be the property line.

**Am Jur 2d, Boundaries § 110; Evidence § 785.**

**5. Boundaries § 36 (NCI4th)— length of boundary—remand for correction**

The trial court's judgment which mistakenly described a boundary as 459.4 feet was remanded to the trial court for modification where the parties agreed the distance was 659.4 feet.

**Am Jur 2d, Boundaries § 57.**

Appeal by respondent from judgment entered 8 December 1995 by Judge William C. Griffin in Craven County Superior Court. Heard in the Court of Appeals 3 December 1996.

*Lee, Hancock, Lasitter and King, P.A., by John W. King, Jr., for respondent-appellant.*

*Henderson, Baxter and Alford, P.A., by David S. Henderson, for petitioner-appellee.*

WYNN, Judge.

This matter arises from Eleanor R. Jones' petition to establish the boundary line between her property and adjoining property owned by respondent Ralph J. Arehart. Both parties acquired title to their properties from a common source, Major R. Jones and Bettie Creech Jones.

The record on appeal indicates that all of the deeds in respondent's chain of title call for a ditch as the property line between the parties' properties. However, the respondent contends that this dividing ditch is an existing ditch whereas the petitioner contends that it is another ditch that has since been filled.

Following a hearing before the Clerk of Superior Court for Craven County, an order was entered in favor of respondent, and

petitioner appealed to Superior Court for a trial *de novo*. A jury returned a verdict in favor of petitioner from which respondent appeals.

---

The issues on appeal are: (I) Was it error to admit a copy of a map the original of which had been altered by adding two names? (II) Was it impermissible for the court to allow a surveyor to locate lines on a deed without using the deed's starting point? (III) Should a surveyor be allowed to give his opinion as to the location of a deed's beginning point? (IV) Was it error to exclude the testimony of a witness that a former owner of the property once showed him the location of the boundary line?

## I.

**[1]** Respondent first contends that the trial court erred by allowing into evidence over his objection a copy of a map ("Exhibit No. 8") entitled "Major R. Jones—Land", prepared by J.G. Hassell, a registered surveyor, in November 1951 and recorded in 1961 in the Office of Deeds of Craven County. Petitioner's Exhibit No. 3, a deed to petitioner executed and recorded in 1967, incorporates by reference the subject map as part of its legal description. Petitioner introduced the map through Floyd Suitt, the court-appointed surveyor, who testified that it was consistent with the legal description of the property in petitioner's deed (Exhibit No. 3) and with the independent survey that he conducted for the court.

Respondent contends that the trial court erred in allowing a copy of the map to be introduced because someone had altered the original map by writing on it the names "Spellman" and "Newby". He argues that because of these alterations, the trial court should have required petitioner to produce the original 1951 map. We disagree.

One of the objectives of filing maps is to avoid the necessity of encumbering deeds with lengthy descriptions of the land to be conveyed. 12 Am. Jur. 2d *Boundaries* § 76 (1964). Accordingly, when a deed refers to such a map for a more particular description of the premises, the map becomes a part of the instrument and will aid the description therein. *Cragin v. Powell*, 128 U.S. 691, 32 L.Ed. 566 (1988). In the subject case, the evidence indicates that the map filed in 1967 was meant to include the alleged alterations. The record shows that petitioner's deed incorporated the references to "Spellman" and "Newby" in its description of the property at issue.

Moreover, N.C. Gen. Stat. § 8-18 (1986) allows a certified copy of a registered map to be introduced into evidence unless it is shown by affidavit that there is some material variance from the original map in the registry. In the instant case, there is no evidence that the certified copy introduced at trial was different from the recorded copy. Accordingly, respondent's objection is without merit.

## II.

**[2]** Respondent next contends the trial court erred in allowing the court-appointed surveyor to locate lines in respondent's deed by starting at a point other than the starting point called for in the deed, i.e., "the mouth of a ditch." We disagree.

The law is well-settled that the location of the boundaries of a parcel of land should be determined by following the directions and in the sequence given in the deed. *Batson v. Bell*, 249 N.C. 718, 719 107 S.E.2d 562, 563 (1959). However, "[i]f a particular corner is unknown and cannot be determined by adhering to the directions in the sequence specified, it is permissible to go to a subsequent known or established corner and by reversing the direction fix the location of the unknown corner." *Id.* Ordinarily a corner is unknown when a monument is missing or disputed, and its description fails to give a course and distance from an established corner. *Young v. Young*, 76 N.C. App. 93, 97, 331 S.E.2d 769, 771 (1985).

In the instant case, the first point called for in respondent's deed is unknown in that the parties disagree as to which ditch is the one described in respondent's deed. Additionally, the deed which states the starting point as "[b]eginning in the south right-of-way line of N.C. Highway No. 101 in the mouth of a ditch", does not specify which ditch is the starting point. It follows that from this description, the ditch called for in the description cannot be established with any certainty. As such, we conclude that the trial court did not err by allowing the location of this beginning corner by the reversal method.

## III.

**[3]** Respondent next argues that the trial court should have allowed the surveyor to give his opinion as to the location of the beginning point in respondent's deed. We disagree. A court-appointed surveyor may not offer his opinion as to the location of a disputed boundary line since that is an issue for the jury. *Carson v. Reid*, 76 N.C. App. 321, 323, 332 S.E.2d 497, 499 (1985), *aff'd*, 316 N.C. 189, 340 S.E.2d 109 (1986). Thus, it would have been error for the trial court to allow the surveyor to testify as to his opinion about the beginning corner of

respondent's deed, since this point starts the disputed boundary line between petitioner and respondent.

IV.

[4] Respondent presented Melvin Wetzel who stated that he could testify that he purchased his property from Major Jones in 1960 and that Jones once took him across the street to the property now owned by respondent and showed him the ditch which marked respondent's property line. Respondent contends the trial court erred by not allowing this testimony because it was admissible as a declaration against interest as to the location of the boundary line in dispute.

A declaration against interest made by a former owner of land during the time of his ownership regarding the location of the boundaries of the land is competent against one who claims under him any interest in the land acquired since the declaration was made. *Newkirk v. Porter*, 240 N.C. 296, 302, 82 S.E.2d 74, 79 (1954).

In the instant case, assuming for the sake of argument that Jones' statements to Wetzel constituted an admissible statement against interest, we nonetheless find that the defendants in this case were not prejudiced by the trial court's failure to allow this testimony. Indeed, the record clearly shows that the trial court permitted Wetzel to identify the ditch that Major Jones considered to be the property line. The following elicited from Wetzel testimony is dispositive:

Q. Now, do you know where [respondent's] western property line [is]?

A. Yes.

. . .

Q. Mr. Wetzel, did you ever have an occasion to talk with Major Jones about this particular ditch?

A. Yes, I had.

Q. And could you tell the jurors what took place?

. . .

COURT: Don't tell us what he said, Mr. Wetzel. What did you do?

A. I bought some property from Mr. Jones and we were talking about a ditch, and then I asked him how he could identify the ditch, and he told me how he could.

. . .

**JONES v. AREHART**

[125 N.C. App. 89 (1997)]

A. Anyway, I went to look at the ditch . . . that's the way things were going . . . at that time run from ditch to ditch, from stake to a ditch or . . .

Q. Did you at any time with Major Jones go to the ditch that [respondent] contends is the property line?

A. I did.

. . .

Q. Were you ever told by Major Jones that the ditch was a line?

[Petitioner's objection is sustained]

. . .

Q. Mr. Wetzel, can you tell the Court and the jury what is running across the front of the property that is claimed by [respondent]?

A. Chain link fence right now.

Q. And where is the western terminus of that fence?

A. Chain link fence runs over to some woods like. There was a wood fence there at one time; then the wood fencing goes off and started down the property line.

Q. Is there a ditch anywhere in that vicinity?

A. Right beyond that where the fence ends is a ditch, about a foot deep or more.

Q. And have you ever seen that ditch before?

A. Yes, I have.

Q. Okay. And did you see it the day that you talked with Mr. Jones?

A. I did.

Q. Is that the same ditch that's in existence now that you saw back in 1960?

A. It is.

Q. Did Mr. Jones identify that ditch to you?

[Petitioner]: Objection.

COURT:  You can answer it yes or no.

This testimony indicates that Jones showed Wetzel the ditch that respondent contended was the correct property line. Clearly, this was the essence of respondent's desire to have Mr. Wetzel testify that Major Jones showed him the ditch that marks respondent's western boundary line. Accordingly, we conclude that any error in the failure to allow specific testimony to that effect was not prejudicially infirm to the defendant's case.

[5]  Finally, respondent objects to the trial court's description, in its Judgment, of the boundary line as being "459.4 feet measured along said southern right of way line of Highway No. 101 from its intersection with the U.S. Forestry Service boundary line." The parties agree that the correct distance is 659.4 feet. Accordingly, the judgment of the trial court is affirmed but remanded for modification to remove "459.4" and substitute the correct footage of "659.4" in accordance with the parties' agreement on appeal.

Affirmed and remanded.

Judges GREENE and MARTIN, John C. concur.