FIRST NATIONAL BANK OF ROXBORO, INC., v. THE PEOPLES BANK.

(Filed 21 December, 1927.)

**1. Banks and Banking—Parties—Exchange—Actions—Statutes.**

A bank may maintain its action against another bank to enforce by mandatory injunction its payment of the exchange charges drawn through the one on the other, allowed by the statute, 3 C. S., 220(z), and the fact that the plaintiff is a national and the defendant a State bank, does not vary this principle, and 3 C. S., 220(dd) does not apply.

**2. Same—"Remittance"—Words and Phrases.**

The exchange or collection charges authorized by 3 C. S., 220(z), apply only to "remittances" covering checks, and where checks, etc., are sent to a bank in the same town with the bank on which they are drawn, for which either money or bank entries are required, such transactions do not fall within the meaning of the term "remittances" which will entitle the bank on which they are drawn to the exchange charges specified in the statute.

APPEAL by defendant from a judgment of *Midyette, J.,* permanently restraining the defendant from charging exchange on certain drafts and checks. From PERSON.

A jury trial was waived and the court found the following facts: "Both plaintiff and defendant are engaged in carrying on a banking business with their principal office in the town of Roxboro, N. C., and from time to time various banks and trust companies throughout this State and other states of the Union, remit through the regular course of mail, drafts and checks, drawn upon the defendant, to the plaintiff for collection and remittance; and the plaintiff presents all of said

drafts and checks, during legal banking hours, at the counter of the defendant, the Peoples Bank, with the request that said drafts and checks be paid by the defendant at their face value, but the defendant positively declines and refuses to pay said drafts and checks either in cash or by exchange draft, unless it is permitted to withhold an exchange charge of one-eighth of one per cent, the defendant contending that it is the remitting bank, and, therefore, permitted and allowed to make an exchange charge of one-eighth of one per cent, under and by virtue of chapter 20, section 1, Public-Local Laws of 1921, 3 C. S., sec. 220(z), upon all out-of-town checks or drafts sent to the plaintiff for collection, and the plaintiff is either forced to return the drafts and checks as dishonored or allow the defendant to withhold an exchange charge. The banks and trust companies remitting drafts and checks to the plaintiff, drawn on the defendant, for collection, will not stand two charges, and the action of the defendant in collecting an exchange charge or returning drafts and checks as dishonored, compels the plaintiff to decline to receive said drafts and checks for collection and remittance, unless it renders its services without compensation."

Upon these facts it was adjudged that the defendant was not the remitting bank and was not entitled to an exchange charge upon checks and drafts presented for collection at its place of business, and that the defendant be permanently enjoined from making such charge under the circumstances described in the statement of facts and from returning such drafts and checks as dishonored for want of such exchange, provided the restraining order should not apply to checks sent to the plaintiff for collection by any Federal Reserve Bank. The defendant excepted and appealed. Affirmed.

*C. A. Hall and L. M. Carlton for plaintiff.*
*William D. Merritt and F. O. Carver for defendant.*

ADAMS, J. The plaintiff, a National bank, and the defendant, a State bank, are engaged in the business of banking in the town of Roxboro. The plaintiff alleges that in the course of its business it receives from other banks and trust companies checks drawn on the defendant, and in compliance with the request of the forwarding banks presents these checks to the defendant, requesting that it either pay them in cash or credit the plaintiff's account with their face value; that the defendant declines to pay the face value of any of the checks drawn on it and presented for payment at its place of business; that the plaintiff is forced to accept in payment less than the face value of the checks or return them as uncollected; and that the reason assigned by the defendant is its legal right to deduct an exchange charge of one-eighth of one

46—194

per cent. The plaintiff alleges the result to be that it must return as uncollected all checks which it receives for collection on the defendant and that its legitimate business is to this extent impaired.

The appellant's first ground of defense is the plaintiff's alleged failure to state a cause of action, the position being that no one but the drawer of a check can maintain an action against the bank on which it is drawn for its refusal or failure to make payment. The position rests upon a misconception of the complaint. The action was not brought to recover damages, in tort or in contract, for refusing to honor the drawer's check, but to recover damages suffered by the plaintiff in the regular conduct of its business as a result of the defendant's failure to perform a duty enjoined by law. If the defendant owes to the plaintiff a duty which it refuses to observe, performance may be compelled by mandatory injunction. *Woolen Mills v. Land Co.,* 183 N. C., 511. True, it is provided that checks drawn on banks chartered by this State shall not be protested for the drawee's refusal to make payment merely because the holder or owner will not pay the authorized exchange, and that there shall be no right of action for refusal to pay such checks when the only basis of the action is refusal to pay the authorized exchange (3 C. S., 220(dd); but the "exchange or collection charges herein authorized" are those referred to in section 220(z). It is apparent, then, that the decisive question is whether the defendant has the legal right to make an exchange charge, and this involves the further question whether upon the facts found by the court the defendant is a remitting bank.

Section 220(z) is as follows: "For the purpose of providing for the solvency, protection and safety of the banking institutions and trust companies chartered by this State, and having their principal offices in this State, it shall be lawful for all banks and trust companies in this State to charge a fee, not in excess of one-eighth of one per cent, on remittances covering checks, the minimum fee on any remittance therefor to be ten cents."

This statute and others were enacted in consequence of an effort of the Federal Reserve Board to introduce universal par clearance and collection of checks through Federal Reserve Banks. We have no occasion for going into this history; it is clearly set forth in *Farmers and Merchants Bank v. Federal Reserve Bank,* 262 U. S., 649, 67 Law Ed., 1157. We are now concerned only with the statute just cited. Its purpose is to provide for the solvency, protection and safety of the banking institutions and trust companies chartered by this State. It authorizes them to charge a fee, not in excess of one-eighth of one per cent, "on remittances covering checks"; and the direct question is whether payment in cash or the entry on the defendant's books of a

credit for the benefit of the plaintiff is a remittance. For according to the complaint this is what the plaintiff requested when the checks were presented—payment in cash or credit on its account at the face value of the checks. Neither request called for a remittance. The word "remit" has several definitions, but the sense in which it is used in the statute is that usually given it in commercial transactions: "To transmit or send, especially to a distance, as money in payment of a demand, account, draft," etc.; "to transmit or send, as money, bills, or other things in payment for goods received"; "to send or transmit, as to remit money"; "to transmit, forward, send." Webster's New International Dictionary; Century Dictionary; 3 Bouvier's Law Dictionary (3 Revision), 2871; Black's Law Dictionary; *Hollowell v. Ins. Co.*, 126 N. C., 398; 34 Cyc., 1207; 24 A. & E. (2 ed.), 461. See *Hayden v. Chemical Nat. Bank*, 84 Fed., 874. The transaction between the plaintiff and the defendant did not amount to a remittance or make the defendant a remitting bank so as to entitle it to charge the fee authorized in section 220(z). The fact that the plaintiff was not chartered by the State is immaterial.

The appellant says that it will have no protection if the plaintiff is permitted to accumulate checks drawn on it and then demand payment in cash at their face value; but it is to be assumed that the defendant will have an equal opportunity to accumulate checks drawn on the plaintiff. At any rate, such considerations cannot control in our interpretation of the statute. The judgment is

Affirmed.