WRIGHTSVILLE WINDS TOWNHOUSES HOMEOWNERS' ASSOCIATION, APPELLEE/PLAINTIFF v. DOUGLAS E. MILLER AND WIFE, ROXANNA B. MILLER, APPELLANT/DEFENDANT

No. 905DC183

(Filed 30 October 1990)

1. **Deeds § 19.5 (NCI3d) — condominium — common areas — action to require removal of structures — evidence sufficient**

   The evidence presented in an action for an injunction requiring defendants to remove certain structures on condominium grounds supported the court's finding that the

WRIGHTSVILLE WINDS HOMEOWNERS' ASSN. v. MILLER

[100 N.C. App. 531 (1990)]

disputed structures were built on common elements of the condominium property where plaintiff presented testimony from a layman and homeowner in the association and defendant presented a surveyor who testified that the structures were built on limited common areas. Defendant did not object to the testimony of plaintiff's witness and was afforded full and free cross-examination; moreover, a decision by the trial court to issue or deny an injunction will be upheld if there is ample competent evidence to support the decision, even though the evidence may be conflicting.

**Am Jur 2d, Condominiums and Co-operative Apartments §§ 33, 38, 39; Injunctions § 353.**

2. **Injunctions § 2.1 (NCI3d) — condominium — removal of structures from common areas — irreparable harm**

Plaintiffs in an action for an injunction requiring removal of certain structures from common areas of a condominium property presented evidence of irreparable harm in that the injury does not have to be beyond repair, but one to which the complainants should not be required to submit or the other party permitted to inflict. Plaintiff has the right to expect all its tenants to abide by the association's bylaws and declaration.

**Am Jur 2d, Injunctions §§ 29-31.**

3. **Injunctions § 3 (NCI3d) — condominium common areas — removal of structures — mandatory preliminary injunction**

A "Mandatory Preliminary Injunction" requiring removal of certain structures from condominium common areas was affirmed where the order was based on an adversarial hearing, granted all the relief prayed for in the complaint, and thus constituted a final determination.

**Am Jur 2d, Injunctions §§ 21, 29-31.**

4. **Attorneys at Law § 60 (NCI4th) — condominium — removal of structures from common areas — attorney fees**

The trial court did not err in an action to require that certain structures be removed from condominium common areas by ordering defendant to pay plaintiff homeowners' association's attorney fees where the bylaws provide that an owner must pay the association's attorney fees if an action is brought

against the owner and the result is a judgment for the association. The action by the trial court here constituted a final judgment.

**Am Jur 2d, Injunctions § 309.**

APPEAL by defendant from judgment entered 16 August 1989 by *Judge C. Rice* in NEW HANOVER County District Court. Heard in the Court of Appeals 19 September 1990.

Plaintiff Wrightsville Winds Townhouses Homeowners' Association ("Association") filed this Complaint on 30 January 1989 against defendants seeking a preliminary and permanent injunction requiring defendants to remove certain structures built on the plaintiff's premises on the grounds that the structures were erected on common property areas in violation of the Association's rules and bylaws. Following a hearing on the claim, Judge Rice entered a "Mandatory Preliminary Injunction" on 16 August 1989, ordering Mr. Miller to remove a shower roof and stall, a partition at the end of the parking area and a partition between his parking area and the unit next door. Mr. Miller was ordered to pay plaintiff's attorney's fees in the sum of $1,900. On the same date, plaintiff dismissed its action without prejudice as to Mrs. Miller. Mr. Miller appealed.

The record and briefs relate the following facts:

Mr. and Mrs. Miller became record owners of Unit 8B by warranty deed filed in September 1987. The deed was subject to the "Declaration of Condominium" ("Declaration"), which also was properly recorded. The Declaration provides in part:

A. [t]he common elements shall include . . .

(1) All of the real property . . . .

(2) All . . . exterior walls . . . .

(4) All yard areas, parking and drive areas, and sidewalks.

. . .

(6) All other portions of the real property and the improvements thereon which are not specifically part of the units themselves . . . .

In addition, paragraph 16B of the Declaration states: "The owner shall be entitled to use the common elements in accordance with

the purpose for which they are intended, but no such use shall hinder or encroach upon the lawful rights of the owner of the other units."

During the spring of 1988, the Millers constructed a fence along the rear property line of the building and up to Unit 8B, an enclosure and roof onto the outdoor shower attached to Unit 8B, a partition in the parking area of Unit 8B and an enclosure across the rear of Unit 8B's parking area.

At the 4 August 1989 hearing concerning the injunction, Thomas Evans, a homeowner in the Association, testified to the specific provisions of the Declaration that the Millers had violated. Mr. Evans stated that the items built on common elements violated the Declaration. Mr. Evans also testified to provisions of the Declaration that describe the process for amending the Declaration. The Declaration was never amended to allow the building of personal structures on the common elements.

Defendant called Jack Stocks, the original land surveyor who had prepared the plans of the town houses, to testify on their behalf. Mr. Stocks had checked the site in question on the day prior to the hearing and had taken measurements to confirm his testimony. Mr. Stocks testified that the structures were built on "*limited* common elements" and did not encroach on any common elements.

*Smith and Smith, by W. G. Smith and Barbara Smith, for plaintiff appellee.*

*Ryals, Jackson and Mills, by Anthony A. Saffo, for defendant appellant.*

ARNOLD, Judge.

[1]   Although defendant brings forth a number of assignments of error, the essence of his appeal is that the evidence presented did not support the trial court's finding that the disputed structures were built on common elements of the condominium property. Specifically, defendant attacks the testimony of Mr. Evans, a layman and homeowner in the Association. Mr. Evans' testimony conflicted with statements of defendant's witness, a land surveyor, who testified that the structures were built on limited common areas. Defendant argues that in light of the testimony of his "expert," the testimony

of the layman cannot constitute competent, credible testimony. We disagree.

First, we find no indication in the record that Mr. Miller objected to Mr. Evans' testimony or to Mr. Evans' credibility as a witness concerning the location of the common elements. Further, defendant was afforded full and free cross-examination of Mr. Evans, an examination which filled one-third of the transcript of the proceeding.

Lay opinion is admissible when it is rationally based on the perception of the witness and is helpful for a clear understanding of the determination of a fact in issue. N.C.R. Evid. 701. Furthermore, the testimony of a lay witness is admissible concerning the location of a boundary in a boundary dispute case. *Welborn v. Roberts*, 83 N.C. App. 340, 349 S.E.2d 886 (1986).

In reviewing the grant of a preliminary injunction, an appellate court may weigh the evidence and find facts for itself. *Robins & Weill v. Mason*, 70 N.C. App. 537, 540, 320 S.E.2d 693, 696, *disc. review denied*, 312 N.C. 495, 322 S.E.2d 559 (1984). Nevertheless, a decision by the trial court to issue or deny an injunction will be upheld if there is ample competent evidence to support the decision, even though the evidence may be conflicting and the appellate court could substitute its own findings. *Id.* We view Mr. Evans' testimony as competent and hold the trial court's finding that the structures were built on the common elements supported by the evidence.

[2] Defendant also argues that even if the evidence shows the structures were built on the common elements, plaintiff has failed to demonstrate how the tenants were harmed by the structures. To receive a preliminary injunction, plaintiff must show a likelihood of success on the merits and some type of irreparable harm. *A.E.P. Industries, Inc. v. McClure*, 308 N.C. 393, 302 S.E.2d 754 (1983). This standard, however, does not require a showing that the injury is beyond repair, "but that the injury is one *to which the complainant should not be required to submit or the other party permitted to inflict . . . ." Id.* at 407, 302 S.E.2d at 763 (emphasis in the original) (quoting *Barrier v. Troutman*, 231 N.C. 47, 50, 55 S.E.2d 923, 925 (1949) ). Plaintiff clearly has the right to expect all its tenants to abide by the Association's bylaws and Declaration.

[3] Although there is some confusion in the briefs, plaintiff also sought a permanent mandatory injunction in this action. While a preliminary injunction is designed to preserve the status quo until a hearing on the merits is conducted, a mandatory injunction is used to carry into effect the final judgment. *See First Nat. Bank v. The Peoples Bank*, 194 N.C. 720, 140 S.E. 705 (1927). As defendant admits, the Order here was based on an adversarial hearing, it granted all the relief prayed for in the Complaint, awarded attorney's fees and thus constituted a final determination. A mandatory injunction is the proper remedy to enforce a restrictive covenant, *Ingle v. Stubbins*, 240 N.C. 382, 82 S.E.2d 388 (1954), and to restore the status quo. *Seaboard Air Line R.R. v. Atlantic Coast Line R.R.*, 237 N.C. 88, 74 S.E.2d 430 (1953).

[4] Finally, defendant argues the trial judge erred in ordering him to pay plaintiff's attorney's fees. However, Article VIII, Section 5 of the Association's bylaws provides that an owner must pay the Association's attorney's fees if an action is brought against an owner and the result is a judgment for the Association. As noted above, the action by the trial court constituted a final judgment. Thus, the order to pay plaintiff's attorney's fees was properly entered.

We have examined defendant's other assignments of error and, after a thorough review of the briefs and record, found them to be without merit.

Affirmed.

Chief Judge HEDRICK and Judge PHILLIPS concur.