CHARLOTTE CONSOLIDATED CONSTRUCTION COMPANY v. THE CITY OF CHARLOTTE.

(Filed 26 June, 1935.)

1. **Municipal Corporations E g: Eminent Domain A c—Evidence held sufficient to support finding that city appropriated private water main to its own use under power of eminent domain.**

    Evidence that plaintiff constructed and owned certain water mains, and that defendant municipality remained in permissive possession thereof for a number of years, until shortly before the institution of the action, when defendant municipality refused to recognize plaintiff's ownership and right to forbid the city to use same, and retained possession of the water mains, and continued to use same as a part of its municipal water system adverse to plaintiff's claim of title, *is held* sufficient to support a finding that defendant municipality took possession of the water mains and ap-propriated them to its own use under the power of eminent domain.

**2. Evidence E e—Where it is admitted in the pleadings that no contract existed between the parties, defendant is bound thereby, although plaintiff introduces contract in evidence for restricted purpose.**

Where plaintiff brings action in tort against a city to recover the value of plaintiff's water mains appropriated by the city, and plaintiff alleges in its complaint that there was no contract between the parties in respect thereto, which is admitted by the city, and plaintiff introduces a contract between the parties solely for the purpose of showing that the city's possession of the water mains prior to their appropriation by the city was permissive, the city's contention that plaintiff should be nonsuited for that a cause of action under the contract for the contract price of the water mains had not yet accrued cannot be sustained.

**3. Limitation of Actions B a—Right of action against city for appropriation of plaintiff's water mains held to have accrued when city refused to recognize plaintiff's title thereto.**

The evidence tended to show that defendant municipality was in the permissive possession of water mains owned by plaintiff, that thereafter, less than two years prior to the institution of the action, the municipality refused to recognize plaintiff's ownership of the water mains and appropriated same to its own use as a part of the municipal water system. *Held:* Plaintiff's right of action for defendant's wrongful appropriation of plaintiff's property accrued, not at the time of the construction and permissive use of same by the city, but at the time defendant municipality took possession of same adversely to plaintiff, and plaintiff's cause of action was not barred by the statutes of limitation.

**4. Municipal Corporations J b—**

The provisions of the charter of a municipality requiring the filing of notice of claim for damages does not apply to an action to recover the value of private property appropriated by the city under the power of eminent domain.

APPEAL by defendant from *Cowper, Special Judge,* at .the February Special Term, 1935, of MECKLENBURG. Affirmed.

This is an action to recover compensation for certain water mains in the city of Charlotte, North Carolina, which were owned by the plaintiff on 15 August, 1934, and were taken from the plaintiff by the defendant, a municipal corporation, at or about said date, under its power of eminent domain, and thereafter appropriated by the defendant to its use as a part of its municipal water system.

The action was begun in the Superior Court of Mecklenburg County on 5 September, 1934.

A trial by a jury of the issues raised by the pleadings was duly waived by the parties to the action, when the same was called for trial. Pursuant to their agreement, the court heard the evidence offered by both the plaintiff and the defendant, and from all the evidence found as facts:

1. That the water mains described in the pleadings were owned by the plaintiff on and prior to 15 August, 1934.

2. That on or about 15 August, 1934, the defendant, a municipal corporation, under its power of eminent domain, which was conferred by statute, took the said water mains from the plaintiff, and thereafter appropriated the same to its use as a part of its municipal water system, and has since failed and refused to pay to plaintiff compensation for said water mains, although requested so to do by the plaintiff.

3. That the fair and reasonable market value of said water mains was on or about 15 August, 1934, and is now, $16,500.

On these facts the court concluded, as a matter of law, that the defendant, having taken and appropriated to its own use the water mains which were owned by the plaintiff, under its power of eminent domain, is now liable to the plaintiff for the fair and reasonable market value of said water mains, with interest from the date of the filing of the complaint in this action.

It was accordingly considered, ordered, and adjudged by the court that the plaintiff recover of the defendant the sum of $16,500, with interest on said sum from 23 October, 1934, and the costs of the action.

From the judgment the defendant appealed to the Supreme Court, assigning errors as set out in the case on appeal.

*Taliaferro & Clarkson for plaintiff.*
*Bridges & Orr for defendant.*

CONNOR, J.   At the close of all the evidence at the trial of this action, the defendant moved for judgment as of nonsuit, and excepted to the refusal of the court to allow its motion.   On its appeal to this Court, in support of its assignment of error based on this exception, the defendant contends:

1. That there was no evidence from which the court could find that the defendant had taken from the plaintiff and appropriated to its own use the water mains owned by the plaintiff, as alleged in the complaint;

2. That all the evidence showed that plaintiff's right of action, if any, to recover for the water main constructed by the defendant at the request of the plaintiff and paid for by the plaintiff, in accordance with its agreement, in 1916, had not accrued at the date of the commencement of this action;

3. That all the evidence showed that plaintiff's right of action, as alleged in the complaint, is barred by the statute of limitations, which had been duly pleaded in the answer.

1. All the evidence showed that at the time they were constructed the plaintiff was the owner of the water mains described in the complaint. There was no evidence tending to show that the defendant had thereafter, and prior to 15 August, 1934, acquired title to the said water mains.   There was evidence tending to show that prior to 15 August,

CONSTRUCTION CO. *v.* CHARLOTTE.

1934, the defendant had been in possession of the water mains owned by the plaintiff continuously from the dates on which they were constructed; that such possession was with the permission of the plaintiff, and was at no time adverse to the plaintiff; and that such possession was pursuant to agreements with respect to said water mains by and between the plaintiff and the superintendent of the defendant's municipal water system.

There was evidence tending to show further that on or about 15 August, 1934, the defendant refused to recognize plaintiff's ownership of said water mains, and right to their possession; that since said date the defendant has remained in possession of said water mains, and continued to use the same as part of its municipal water system; and that defendant is now and has been since 15 August, 1934, in the adverse possession of said water mains.

This evidence is sufficient to sustain the finding by the court that on or about 15 August, 1934, under its right of eminent domain, the defendant took the water mains described in the complaint from the plaintiff, and thereafter appropriated the same to its use as part of its municipal water system. The instant case is distinguishable from *Farr v. City of Asheville,* 205 N. C., 82, 170 S. E., 125. In that case it was held that the evidence was not sufficient to show that the defendant had appropriated the water mains owned by the plaintiff.

2. This is not action on a contract. The defendant in its answer alleges that there was no contract between the plaintiff and the defendant with respect to any of the water mains described in the complaint. This is admitted by the plaintiff. For that reason, the second contention of the defendant with respect to its motion for nonsuit cannot be sustained. The evidence tending to show agreements between the parties with respect to the water mains was offered, not for the purpose of establishing contractual rights on the part of the plaintiff against the defendant, but solely for the purpose of showing that the possession by the defendant of the water mains, prior to 15 August, 1934, was with the permission of the plaintiff, and was not adverse.

3. The cause of action alleged in the complaint, and supported by the evidence at the trial, accrued, if at all, on or about 15 August, 1934. For that reason the action is not barred by the statute of limitations pleaded by the defendant, or subject to the provision in the defendant's charter with respect to notice of claims against the defendant. See *Stephens v. City of Charlotte,* 201 N. C., 258, 159 S. E., 414.

Other assignments of error relied upon by the defendant are based upon exceptions to evidence admitted by the court over objections by defendant. These assignments of error cannot be sustained.

We find no error in the trial of this action. The judgment is

Affirmed.