GEORGE H. WELBORN AND WIFE, FRANCES W. WELBORN v. LINNIE LIN-VILLE ROBERTS

No. 8623DC451

(Filed 18 November 1986)

**Boundaries § 10.1— lay witnesses and experts—opinion testimony admissible**
    The trial court in a boundary dispute did not err in allowing plaintiffs' witnesses, both lay persons and experts, to testify as to the location of the boundary in question. N.C.G.S. § 8C-1, Rule 704.

APPEAL by defendant from *Gregory, Judge.* Judgment entered 27 December 1985 in District Court, WILKES County. Heard in the Court of Appeals 24 September 1986.

*Ferree, Cunningham & Gray, P.A., by George G. Cunningham, for plaintiff appellees.*

*Franklin Smith for defendant appellant.*

BECTON, Judge.

Plaintiffs, George H. and Frances W. Welborn, brought action to settle a boundary dispute with defendant, Linnie Linville Roberts.

In addition to their own testimony regarding the location of their boundary, the Welborns presented corroborative evidence from neighbors, other family members, their predecessors in title, an independent contractor who had done some work on their property, and a surveyor who conducted a survey in conjunction with the litigation. Roberts presented evidence tending to show that the boundary was elsewhere. The jury found in favor of the Welborns. Roberts appeals. We find no error.

Mr. Roberts raises two issues on appeal: (1) whether the trial court erred in allowing the Welborns' witnesses to testify regarding where each believed the boundary was located; and (2) whether the trial court erred in denying Mr. Roberts' motions for a directed verdict and judgment notwithstanding the verdict.

All of the Welborns' witnesses, both lay persons and experts, testified that the boundary to the property was as they had described. "Before the Rules of Evidence were enacted the rule had long been that a surveyor could not state his opinion as to the location of a boundary. *See, e.g., Combs v. Woodie*, 53 N.C. App. 789, 281 S.E. 2d 705 (1981). The rationale for the rule was that the expert was invading the province of the jury as fact finder." *Livermon v. Bridgett*, 77 N.C. App. 533, 538, 335 S.E. 2d 753, 756 (1985). In *Livermon v. Bridgett*, however, we recognized that Rule 704 of the North Carolina Rules of Evidence allows testimony on ultimate issues. The challenged testimony of the witnesses in the case *sub judice* is not objectionable because it relates to an ultimate issue in the case.

Mr. Roberts contends that the surveyor was not qualified as an expert and, therefore, his testimony should not have been admitted. We find no indication in the record that Mr. Roberts objected to the Welborns' use of its surveyor as an expert. He will not now be allowed to do so.

We summarily reject Mr. Roberts' further contentions (1) that all of the witnesses' testimony was objectionable on the general grounds that the lay witnesses lacked firsthand knowledge of the matters to which they testified under Rule 701 of the North Carolina Rules of Evidence; and (2) that the expert's opinion was not limited to ideas rationally based on his own perception and helpful to a clear understanding of his own testimony or the determination of a fact in issue under Rule 702 of the North Carolina Rules of Evidence.

Finally, viewing the evidence in the light most favorable to the Welborns, we conclude that adequate competent evidence supports the jury's verdict in favor of the Welborns. We find

No error.

Judges WEBB and EAGLES concur.