JESSIE V. McADOO; JOSEPH G. A. DUNGEE AND WIFE, MRS. JOSEPH G. A.
DUNGEE; CHESTER FEWELL AND WIFE, MRS. CHESTER FEWELL;
CLAYTON WILEY; ALVONE A. COUNTS AND WIFE, CAROLYN H.
COUNTS; NATHANIEL MARSHBURN AND WIFE, PEARL H. MARSHBURN;
PLAINTIFFS v. CITY OF GREENSBORO, DEFENDANT, AND JAMES L. MOORE
AND WIFE, JEANNETTE J. MOORE, PLAINTIFFS v. CITY OF GREENSBORO,
DEFENDANT

No. 8818SC308

(Filed 18 October 1988)

**1. Eminent Domain § 13— road widening—completed in sections—statute of limitations**

The trial court erred in an inverse condemnation action by granting summary judgment for defendants based on the statute of limitations where the road on which plaintiffs reside was widened in sections; the work was completed on the section on which plaintiffs resided on 10 May 1984; final inspection and acceptance by defendant was on 31 May 1984; the contractor was required to maintain the road for three months after defendant's acceptance; final payment was authorized on 5 September 1984 and made on 7 September 1984; these actions were filed on 7 August 1986 and 27 August 1986; and the widening of the entire road had not yet been completed at the time these actions were filed. The statute of limitations for inverse condemnation, N.C.G.S. § 40A-51(a), is 24 months from the taking or the completion of the project; the individual sections here meet the definition of projects in the statute of limitations; and defendant's authorization of final payment on 7 September 1984 shows that defendant did not consider the project complete until the maintenance period was over.

**2. Eminent Domain § 13— widening of road—inverse condemnation as exclusive remedy**

The trial court did not err by granting summary judgment for defendant city on plaintiffs' trespass claims in an action arising from the widening of a road because the city's power of eminent domain insulates it from trespass actions regardless of whether compensation was paid or proper procedures used. The exclusive remedy for a taking is inverse condemnation under N.C.G.S. § 40A-51.

APPEAL by plaintiffs from *Collier, Judge.* Judgment entered 9 November 1987 in Superior Court, GUILFORD County. Heard in the Court of Appeals 13 September 1988.

This is an action wherein plaintiffs seek damages for inverse condemnation and trespass due to defendant's widening of the road on which plaintiffs' property is located. Prior to 1 July 1974, the Greensboro City Council proposed widening Pisgah Church Road from Lawndale Drive to Church Street. Notice was pub-

lished in local newspapers and sent to residents along Pisgah Church Road. On 1 July 1974, the widening was approved, and the resolution ordering improvements was published.

Defendant contracted for the widening of a section of Pisgah Church Road on 17 June 1982. This section, between Normandy Road and Stone Court, is the section on which plaintiffs reside. The contractor began work on the section on 29 July 1982. The widening was completed on 10 May 1984, and final inspection and acceptance by defendant was on 31 May 1984. The contractor was required to maintain the road for three months after defendant's acceptance. During this time, the contractor was obligated to do seeding, driveway repairs or maintenance. On 5 September 1984, defendant authorized final payment to the contractor, and final payment was made on 7 September 1984.

The action entitled *McAdoo v. City of Greensboro* was instituted on 7 August 1986, and *Moore v. City of Greensboro* was instituted on 27 August 1986. As to the inverse condemnation action, defendant admitted plaintiffs owned the property (subject to alleged adverse interests), that it made improvements to the road and that it filed no complaint containing a Declaration of Taking. Defendant denied any taking and raised an affirmative defense of the two-year statute of limitations under G.S. 40A-51(a). As to the trespass action, defendant made similar admissions. Defendant denied any trespass and raised the three-year statute of limitations of G.S. 1-52(3).

Defendant moved for summary judgment on both claims on the ground that they were barred by the statutes of limitations. By stipulation of the parties, the limitations issues were the only issues considered by the court. Summary judgment was then entered for defendant based on the statutes of limitations. Plaintiffs appealed.

*Alexander Ralston, Pell & Speckhard, by Donald K. Speckhard and Stanley E. Speckhard, for plaintiffs, appellants.*

*A. Terry Wood for defendant, appellee.*

HEDRICK, Chief Judge.

[1] Plaintiffs first contend the trial court erred by granting summary judgment to defendant because the inverse condemnation

claim is not barred by the statute of limitations. Statutes of limitations are inflexible and unyielding. *Blue Cross and Blue Shield v. Odell Associates*, 61 N.C. App. 350, 301 S.E. 2d 459, *disc. rev. denied*, 309 N.C. 319, 306 S.E. 2d 791 (1983). The statute of limitations for inverse condemnation actions is defined in G.S. 40A-51(a), which in pertinent part states:

> The action may be initiated within 24 months of the date of the taking of the affected property or the completion of the project involving the taking, whichever shall occur later.

The plaintiffs have the burden of showing their actions were filed within the statutory period. *Lea Co. v. N.C. Board of Transportation*, 308 N.C. 603, 304 S.E. 2d 164 (1983). Since plaintiffs here admit they cannot prove when the actual taking occurred, they must show their action was instituted within 24 months of "the completion of the project involving the taking."

Plaintiffs contend the "project" encompasses the entire proposal by defendant to widen Pisgah Church Road. The widening, done in sections, was not yet complete at the time the action was instituted. For this reason, plaintiffs argue the limitations period had not yet begun to run. We disagree with plaintiffs' definition of "project."

Although defendant designated the entire widening as a "project," there is evidence that individual sections were also referred to as "projects." Because the road was widened in sections by different contractors, there were beginning and ending points to the widening of each section. These individual sections meet the definition of "projects" for purposes of G.S. 40A-51(a). Our courts have recognized there may be excusable delay in filing actions. *See Midgett v. Highway Commission*, 260 N.C. 241, 132 S.E. 2d 599 (1963). The legislature, in enacting G.S. 40A-51(a), sought to account for such delay and provide plaintiffs adequate opportunity to discover damage. *Smith v. City of Charlotte*, 79 N.C. App. 517, 339 S.E. 2d 844 (1986). It would be unreasonable, however, for plaintiffs to be able to institute an action years after their property was affected simply because the label of "project" was attached to something which was completed in sections over a period of many years. Each section constituted an individual "project." *See Railroad v. Olive*, 142 N.C. 257, 55 S.E. 2d 263 (1906). Under the facts of this case, plaintiffs had 24 months from

McAdoo v. City of Greensboro

the completion of the individual section which for purposes of G.S. 40A-51(a) was the "project involving the taking."

Plaintiffs further argue, however, that the individual section, and therefore the project, was not completed until 31 August 1984 when the maintenance period was completed. The institution of plaintiffs' actions would then be within the statute of limitations period. We agree.

The statutory period runs from the completion of the "project." This does not necessarily mean it runs from the completion of construction. The fact that defendant accepted the improvements is not relevant as it did so on condition that the project be completed with necessary maintenance. Defendant's authorization of final payment on 5 September 1984 and subsequent payment on 7 September 1984 show that defendant did not consider the project completed until the maintenance period was over. For these reasons, we hold completion of the project was not until 31 August 1984, and the trial court erred in granting summary judgment to defendant based on the statute of limitations. This action is therefore remanded to the Superior Court for further proceedings on the claim of inverse condemnation.

[2] Plaintiffs further contend the trial court erred in granting defendant's motion for summary judgment because their trespass action is not barred by the statute of limitations. We disagree. Summary judgment for defendant was appropriate not because of the statute of limitations but because defendant as a city had the power of eminent domain, and such power insulates it from trespass actions regardless of whether compensation was paid or proper procedures were used. The exclusive remedy for failure to compensate for a "taking" is inverse condemnation under G.S. 40A-51. *See Long v. City of Charlotte*, 306 N.C. 187, 293 S.E. 2d 101 (1982); *Smith v. City of Charlotte*, 79 N.C. App. 517, 339 S.E. 2d 844 (1986). The fact that G.S. 40A-51(c) provides that "[n]othing in this action shall in any manner affect an owner's common-law right to bring an action in tort for damage to his property" is not relevant. An owner has no common-law right to bring a trespass action against a city. Plaintiffs' argument has no merit.

Reversed and remanded in part; affirmed in part.

Judges ARNOLD and COZORT concur.