NAEGELE OUTDOOR ADVERTISING, INC., D/B/A NAEGELE OUTDOOR ADVERTISING COMPANY OF THE TRIAD, PLAINTIFF-APPELLANT v. CITY OF WINSTON-SALEM, DEFENDANT-APPELLEE

No. 9221SC1137

(Filed 1 March 1994)

1. **Municipal Corporations § 30.13 (NCI3d)— zoning ordinance— billboard removal after amortization period—no taking**

Zoning ordinances involving billboard removal after an amortization period have been held to be lawful and to not constitute a taking.

**Am Jur 2d, Zoning and Planning §§ 322-339.**

**Municipal power as to billboards and outdoor advertising. 58 ALR2d 1314.**

2. **Municipal Corporations § 30.13 (NCI3d)— zoning ordinance regulating signs—sign company's action accrued on date of enactment of ordinance**

Plaintiff's inverse condemnation claim for the taking of its sign properties by enforcement of defendant's zoning ordinance accrued when the ordinance was adopted on 15 April 1985, and plaintiff's action was therefore barred by the statute of limitations.

**Am Jur 2d, Zoning and Planning §§ 322-339.**

NAEGELE OUTDOOR ADVERTISING v. CITY OF WINSTON-SALEM

[113 N.C. App. 758 (1994)]

**Municipal power as to billboards and outdoor advertising.
58 ALR2d 1314.**

Judge COZORT dissenting.

Appeal by plaintiff from order entered 14 August 1992 by
Judge James M. Webb in Forsyth County Superior Court. Heard
in the Court of Appeals 7 October 1993.

*Smith Helms Mulliss & Moore, by William Sam Byassee and
J. Donald Hobart, Jr., of counsel, for plaintiff-appellant.*

*City Attorney's Office, by City Attorney Ronald G. Seeber
and Assistant City Attorney Charles C. Green, Jr., for
defendant-appellee.*

*Womble Carlyle Sandridge & Rice, by Roddy M. Ligon, Jr.,
of counsel, for defendant-appellee.*

JOHNSON, Judge.

This case concerns a zoning ordinance dealing with the regula-
tion of signs which was adopted by the Winston-Salem Board of
Aldermen on 15 April 1985. The part of the ordinance which is
the subject of this appeal is the portion dealing with "off-premise
grounded signs," defined in the ordinance by reference to size,
zones, height, spacing, setback, distance from residential zones,
number of faces, measurement, illumination, and C.B.D. view cor-
ridors. This ordinance contains an amortization schedule for these
off-premise grounded signs stating that "[a]ll non-conforming off-
premise signs shall be removed or brought into compliance with
all requirements of this ordinance . . . within 7 years of the date
of its adoption." The ordinance further stated "[t]his ordinance
shall become effective upon adoption."

By letter to plaintiff dated 31 October 1986, defendant stated,
in pertinent part, "that the following signs are in violation of the
City of Winston-Salem Sign Ordinance and must be removed by
April 15, 1992, in accordance with Section 25-12(f) of the Winston-
Salem City Code." This letter made reference to signs located
along I-40, Highway 52 and Corporation Freeway (those being Federal
Aid Interstate and Federal Aid Primary Highways), and these were
attached as Exhibit A. The letter further noted that those signs
may be eligible for compensation pursuant to North Carolina General

Statutes § 136-131.1 (1993). Also attached to the letter was Exhibit B, a list of plaintiff's other billboards "required to be removed."

On 22 November 1991, defendant notified plaintiff by letter that removal of those billboards located along Federal Aid Interstate and Federal Aid Primary Highways (Exhibit A) required compensation upon removal, pursuant to North Carolina General Statutes § 136-131.1, and that therefore, those signs would not have to be removed until defendant appropriated the money to pay compensation, or until the law changed to no longer require compensation. However, this letter again gave notice that the signs listed in Exhibit B had to be removed by 15 April 1992 if they were still in violation of the ordinance on that date.

By letter dated 22 April 1992, defendant notified plaintiff that they were still in violation of the zoning ordinance, and that criminal charges may be brought if plaintiff permitted the violation to continue for as long as ten (10) days after receiving the letter.

On 11 May 1992, plaintiff filed an action against defendant seeking damages, due to the enactment of this ordinance which regulated signs within the city. Defendant filed an answer moving to dismiss plaintiff's motion for lack of subject matter jurisdiction and failure to exhaust administrative remedies, and to dismiss all claims for failure to state a claim upon which relief could be granted based upon the statute of limitations. The trial judge allowed defendant's motion to dismiss pursuant to North Carolina General Statutes § 1A-1, Rule 12(b)(6) (1990) on statute of limitations grounds. From this dismissal, plaintiff appeals to our Court.

Plaintiff argues that its "inverse condemnation claim for the taking of its sign properties by enforcement of the Winston-Salem zoning ordinance is not barred by the applicable statute of limitations." Specifically, plaintiff argues the date of "taking" should be the date the City required the removal of the signs, the last date of the amortization period, and that as a result, the statute of limitations should run from that date. Further, plaintiff argues that even if the "taking" occurred at some earlier date, the running of the statute of limitations does not begin to run until the date of completion of the "project." For reasons which follow, we find that plaintiff's argument fails.

[1] As an initial matter, we note that zoning ordinances involving billboard removal after an amortization period have been held to

be lawful and to *not* constitute a taking. *See Givins v. Town of Nags Head*, 58 N.C. App. 697, 294 S.E.2d 388, *cert. denied and appeal dismissed by* 307 N.C. 127, 297 S.E.2d 400 (1982), where our Court found that the town's prohibition (with a five and one half year amortization period) of off-premise commercial signs, while permitting on-premise signs, did not violate equal protection. *See also Summey Outdoor Advertising v. County of Henderson*, 96 N.C. App. 533, 386 S.E.2d 439, *disc. review denied*, 326 N.C. 486, 392 S.E.2d 101 (1990); *State v. Joyner*, 286 N.C. 366, 211 S.E.2d 320, *appeal dismissed by* 422 U.S. 1002, 45 L.Ed.2d 666 (1975), where our Supreme Court found a zoning ordinance valid which provided for termination of certain non-conforming uses after an amortization period. Similarly, the enactment of the ordinance in the case *sub judice* does not constitute a taking.

[2] Therefore, this case turns on a determination of the statute of limitations. We note that this issue was presented in a Fourth Circuit case arising out of Raleigh on facts quite similar to the facts in this appeal. In *National Advertising Co. v. City of Raleigh*, 947 F.2d 1158 (4th Cir. 1991), *cert. denied by* 118 L.Ed.2d 593 (1992), the plaintiff sign company brought suit against the city of Raleigh alleging that a city ordinance restricting off-premise outdoor advertising signs resulted in an unconstitutional taking of its property. The plaintiff argued that the trial court erred in finding that the cause of action accrued upon enactment of the ordinance in 1983, rather than when the amortization period expired. Although this case dealt with a 42 U.S.C. § 1983 action alleging an unconstitutional taking, the Court's reasoning as to when the statute of limitations accrued is persuasive:

> National [plaintiff sign company] contends that its cause of action did not accrue until the expiration of the 5½ year amortization period . . . when it faced the City's demand that the nonconforming signs be removed. Until then, National asserts, it suffered no actual injury because the . . . ordinance was neither applied nor enforced against it. . . .
>
> National's contentions miss the mark. Immediately upon enactment, the . . . ordinance interfered in a clear, concrete fashion with the property's primary use. Thus, [on the date the ordinance was enacted] National's signs became "nonconforming outdoor advertising signs." . . . The ordinance therefore interfered in a concrete fashion with National's primary use

of its existing signs by mandating that this use change or cease within five years.

*Id.* at 1163. We adopt the reasoning of the Court in *National Advertising Co.* and hold that plaintiff's cause of action in the appeal before us accrued when the ordinance was adopted on 15 April 1985.

The applicable statute of limitations as to zoning ordinances is found in North Carolina General Statutes § 160A-364.1 (1987) which states "[a] cause of action as to the validity of any zoning ordinance, or amendment thereto, adopted under this Article or other applicable law shall accrue upon adoption of the ordinance, or amendment thereto, and shall be brought within nine months as provided in G.S. § 1-54.1." Therefore, in the case at hand, we find the statute of limitations on this cause of action has run, and that the trial judge properly dismissed this case pursuant to North Carolina General Statutes § 1A-1, Rule 12(b)(6) on statute of limitations grounds.

We need not address plaintiff's remaining arguments.

The decision of the trial court is affirmed.

Judge MCCRODDEN concurs.

Judge COZORT dissents.

Judge COZORT dissenting.

I disagree with the majority's decision affirming the trial court's dismissal of plaintiff's action based on the statute of limitations. The majority determined that the applicable statute of limitations in this case, located in N.C. Gen. Stat. § 160A-364.1 (1987), began to run when the Winston-Salem Board of Aldermen enacted the zoning ordinance on 15 April 1985. The statute provides, "[a] cause of action as to the validity of any zoning ordinance, or amendment thereto, adopted under this Article or other applicable law shall accrue upon adoption of the ordinance, or amendment thereto, and shall be brought within nine months as provided in G.S. 1-54.1." Relying on *National Advertising Co. v. City of Raleigh*, 947 F.2d 1158 (4th Cir. 1991), the majority concludes the plaintiff should have filed its action within nine months of the adoption of the ordinance.

NAEGELE OUTDOOR ADVERTISING v. CITY OF WINSTON-SALEM

[113 N.C. App. 758 (1994)]

In its complaint, plaintiff's first claim for relief alleged a cause of action for inverse condemnation. Later claims challenged the validity of the ordinance. In its brief, plaintiff argues only the inverse condemnation claim, thereby abandoning its challenge of the *validity* of the zoning ordinance. As a result, the applicable statute of limitations at issue here is not found in N.C. Gen. Stat. § 160A-364.1. The controlling statute of limitations is located in N.C. Gen. Stat. § 40A-51 (1984), which provides that an action for inverse condemnation "may be initiated within twenty-four (24) months of the date of the taking of the affected property or the completion of the project involving the taking, whichever shall accrue later."

At first glance, the *National Advertising* case appears to resolve the statute of limitations issue below. I find *National Advertising* distinguishable from this case. First, as the majority notes, *National Advertising* "dealt with a 42 U.S.C. § 1983 action alleging an unconstitutional taking," rather than an action for damages for inverse condemnation. The holding in *National Advertising* was based on a federal accrual statute, rather than a state statute of limitations. The federal law governing a § 1983 claim utilizes a different standard for determining an accrual date: the action's accrual date is at the time the plaintiff "knows or has reason to know" of the injury which is the foundation for the action.

Furthermore, the Fourth Circuit's reasoning in *National Advertising*, holding that a "taking" of the property occurred at the time of the adoption of the ordinance, is unpersuasive. I find the "taking of the affected property" did not occur when the ordinance was enacted; rather it occurred at the termination of the amortization period. Since the City of Winston-Salem had the ability to amend the ordinance at any time during the amortization period, both plaintiff's right to seek compensation under the ordinance and the City's right to enforce it did not vest, or fix, until the end of the amortization period. I do not agree with the proposition outlined in *National Advertising* and cited by the majority that "[i]mmediately upon enactment, the . . . ordinance interfered in a clear, concrete fashion with the property's primary use." *National Advertising*, 947 F.2d at 1163. Here, no *actual* interference occurred until plaintiff was compelled to pull down all billboards not in compliance on the last day of the amortization period.

Assuming arguendo, that a taking did occur at the time of the ordinance's enactment, the project was not completed until the signs were due to be removed on 15 April 1992. N.C. Gen. Stat. § 40A-51 provides for the statute to run at the later date of either the taking or the "completion of the project involving the taking." Here, the completion of the project obviously did not transpire until 15 April 1992. The purpose for the accrual date being at the "completion of the project" is "to provide plaintiffs adequate opportunity to discover damage." *McAdoo v. City of Greensboro*, 91 N.C. App. 570, 572, 372 S.E.2d 742, 743-44 (1988). In the present case, plaintiff could not determine the amount of damage or change in value of its property until the billboards were to be extracted at the project's completion—the end of the amortization period. Accordingly, I vote to reverse the trial court's order dismissing plaintiff's complaint based on the statute of limitations, since the complaint complied with N.C. Gen. Stat. § 40A-51 by being filed within two years of 15 April 1992.

Having found the trial court erred by dismissing the complaint on statute of limitation grounds, I am compelled to consider defendant's cross-assignment of error that plaintiff's claims were subject to dismissal on the grounds that the plaintiff failed to exhaust its administrative remedies pursuant to N.C. Gen. Stat. § 160A-388. In general, when the legislature had provided for an effective administrative remedy to address a complaint, the remedy must be exhausted before a party may result to action in court. *See, i.e., Presnell v. Pell*, 298 N.C. 715, 721, 260 S.E.2d 611, 615 (1979). However, in the case below, an appeal to the Board of Adjustment would have been an ineffective remedy because plaintiff's complaint contained constitutional claims based on the conduct of city officials; the claims would have reached beyond the Board's authority to review. The law does not provide for the review of constitutional questions by administrative boards. *Bailey v. State*, 330 N.C. 227, 245, 412 S.E.2d 295, 306 (1991), *cert. denied*, --- U.S. ---, 118 L.Ed.2d 547 (1992).

I vote to reverse the trial court's order and to remand the matter for further proceedings.