CENTRAL CAROLINA DEVELOPERS, INC. v. MOORE WATER & SEWER AUTH.

[148 N.C. App. 564 (2002)]

CENTRAL CAROLINA DEVELOPERS, INC., Plaintiff v. MOORE WATER AND SEWER AUTHORITY, and MOORE COUNTY, Defendants, Third-Party Plaintiff v. VAN CAMP GROUP, INC. as successor to and f/k/a REGIONAL INVESTMENTS OF MOORE, INC., PINEHURST WATER & SANITARY COMPANY, INC., JOHN KARSCIG, ROBERT W. VAN CAMP, JAMES R. VAN CAMP and DONALD HUFFMAN, Third-Party Defendants

No. COA01-102

(Filed 5 February 2002)

**1. Eminent Domain— newly purchased property—sewer pipe discovered on property—action time barred**

An inverse condemnation claim was time barred where plaintiff bought a lot in 1995, discovered a sewer pipe running through the lot in 1997 which prevented building, and filed suit in 1998. Plaintiff has the burden of proving that the inverse condemnation action was filed within two years of the date of the taking and defendant presented uncontroverted evidence that the pipe was installed prior to 1989.

**2. Trespass— sewer pipe on property—action against public utility**

Plaintiff had no claim for trespass against defendant water and sewer authority from a sewer pipe laid across its property because defendant is a public utility with the power of eminent domain. The exclusive remedy for failure to compensate for a taking is inverse condemnation.

Appeal by plaintiff from judgment filed 11 October 2000 by Judge James M. Webb in Moore County Superior Court. Heard in the Court of Appeals 28 November 2001.

*Gill & Tobias, LLP, by Douglas R. Gill, for plaintiff-appellant.*

*Lesley F. Moxley, Moore County Attorney, and Paul A. Raaf, Assistant Moore County Attorney, for defendant-appellee Moore County.*

*Cranfill, Sumner & Hartzog, L.L.P., by William W. Pollock, for defendant-appellee and third-party plaintiff Moore Water and Sewer Authority; and Van Camp, Meacham & Newman, PLLC, by Michael J. Newman, for third-party defendant-appellee Van Camp Group.*

WALKER, Judge.

In August of 1994, plaintiff entered into a contract for the purchase of Lot 253 in a development known as Fairwoods on 7 from Pinehurst Acquisition Corporation. In an addendum to the contract signed 3 August 1994, the parties agreed "[t]hat purchaser accepts subject lot in its present condition and purchaser will be solely responsible for the payment of any expenses that may be incurred in preparing the lot for the construction of a residence thereon."

In May of 1995, prior to the sale, the general contractor for the plaintiff hired Emmett Shelton Raynor, a professional land surveyor, to survey Lot 253. He observed a sewer pipe "clearly visible, and . . . above the water line of the creek," crossing the creek on Lot 253. On 11 May 1995, he informed the plaintiff's contractor of the existence of the sewer pipe. He also informed Moore Water and Sewer Authority (MOWASA) and it was determined that the sewer pipe was active and belonged to MOWASA. Plaintiff claimed it did not receive notice from its general contractor of the existence of this sewer pipe. On 21 July 1995, plaintiff purchased Lot 253. At the time of the purchase, there were no easements, restrictions, or reservations on record other than those contained in the deed.

In mid-May 1997, plaintiff was proceeding to build a residence on Lot 253 when he contends he first discovered the sewer pipe running through the lot. Because the sewer pipe was located on Lot 253, plaintiff could not build. On 16 April 1998, plaintiff filed suit against Pinehurst Acquisition Corporation and MOWASA alleging breach of implied warranty by Pinehurst Acquisition Corporation and claims of trespass and inverse condemnation against MOWASA. MOWASA filed a third-party complaint against Van Camp Group, Inc., as successor to and f/k/a Regional Investments of Moore, Inc., Pinehurst Water and Sanitary Company, Inc., John Karscip, Robert W. Van Camp, James R. Van Camp, and Donald Huffman (Van Camp Group) claiming that if MOWASA were liable to plaintiff, then the Van Camp Group would be liable to MOWASA for contribution. The Van Camp Group had sold its water company to MOWASA in 1991. While the present suit was pending, MOWASA sold the water company to Moore County which was joined as a defendant. Plaintiff voluntarily dismissed the suit against Pinehurst Acquisition Corporation.

MOWASA and Van Camp Group filed motions for summary judgment and Moore County filed a motion to dismiss pursuant to N.C.

Gen. Stat. § 1A-1, Rule 12(b)(6) (1999). The basis for all motions was that the plaintiff's complaint was time barred based on the statute of limitations created in N.C. Gen. Stat. § 40A-5(a).

At the hearing, MOWASA and Van Camp Group submitted affidavits stating that the sewer pipe in question was installed through Lot 253 prior to 1989. Plaintiff submitted an affidavit in opposition to the motions which did not contradict the affidavits of MOWASA and Van Camp Group as to the 1989 date of installation of the sewer pipe. Plaintiff's affidavit did not contain any information regarding the date of the sewer pipe installation. The trial court granted the motions for summary judgment in favor of MOWASA and the Van Camp Group and granted Moore County's motion to dismiss under Rule 12(b)(6).

[1] Plaintiff first claims the inverse condemnation action against MOWASA should not have been dismissed. "Inverse condemnation is simply a device to force a governmental body to exercise its power of condemnation, even though it may have no desire to do so." *Smith v. City of Charlotte*, 79 N.C. App. 517, 521, 339 S.E.2d 844, 847 (1986). The remedy for inverse condemnation lies under N.C. Gen. Stat. § 40A-51(a) which states:

> If property has been taken by an act or omission of a condemnor listed in G.S. 40A-3(b) or (c) and no complaint containing a declaration of taking has been filed the owner of the property, may initiate an action to seek compensation for the taking. The action may be initiated within 24 months of the date of the taking of the affected property or the completion of the project involving the taking, whichever shall occur later.

Plaintiff contends that the "taking" or condemning of the easement across Lot 253 could not have occurred until 29 September 1997 when plaintiff "notified MOWASA that it would not accept the continued use of its property for MOWASA's sewer system." Plaintiff bases this assertion on the holding in *Construction Co. v. Charlotte*, 208 N.C. 309, 180 S.E. 573 (1935).

In *Construction Co.*, the evidence showed that possession of a water main by the city "was with the permission of [the land owner], and was at no time adverse to [the land owner]; and that such possession was pursuant to agreements with respect to said water mains by and between [the land owner] and the superintendent of the [city's] municipal water system." 208 N.C. at 312, 180 S.E. at 574-75.

CENTRAL CAROLINA DEVELOPERS, INC. v. MOORE WATER & SEWER AUTH.

[148 N.C. App. 564 (2002)]

Thus, the Court concluded that the taking by the city did not begin until the city refused to recognize the land owner as the rightful owner of the water mains. *Id.* at 312, 180 S.E. at 575.

The facts and circumstances of the present case are distinguishable from those presented in *Construction Co.* Here, plaintiff did not allege nor did it present any evidence which would show that, prior to 29 September 1997, the sewer pipe was running through Lot 253 pursuant to some agreement between MOWASA and the plaintiff or the plaintiff's predecessor-in-interest. The only evidence is that MOWASA's sewer pipe has been located in Lot 253 since 1989. Thus, *Construction Co.* is not applicable to the present case in determining the date of the "taking." Because there is no allegation that MOWASA was in possession of the land pursuant to an agreement or with permission of the plaintiff, a "taking" could only have occurred when the sewer pipe was installed across Lot 253.

Plaintiff has the burden of proving that the inverse condemnation action was filed within two years of the date of the "taking." *McAdoo v. City of Greensboro*, 91 N.C. App. 570, 572, 372 S.E.2d 742, 743 (1988). Plaintiff presented no evidence nor did it allege the date of the "taking." However, MOWASA presented uncontroverted evidence, through the affidavit of Wayne Haddock, that the pipe located on plaintiff's property was installed prior to early 1989. Mr. Haddock oversaw the installation of sewer pipes in the area of the plaintiff's property. He stated that the sewer pipe in question "was in existence and already in place prior to our commencement of the sewer project at Fairwoods on 7 in or about June 1987." His project had ended by early 1989.

Therefore, any "taking" would have occurred when the sewer pipe was installed across Lot 253. Because there is undisputed evidence that the sewer pipe was installed by 1989, plaintiff must have filed suit by 1991. As the present suit was filed 16 April 1998, the claim against MOWASA for inverse condemnation was time barred.

[2] Plaintiff also claims that, notwithstanding the inverse condemnation claim, it has a viable claim for trespass against MOWASA. "The exclusive remedy for failure to compensate for a 'taking' is inverse condemnation under G.S. 40A-51 . . . . An owner has no common-law right to bring a trespass action against a city." *McAdoo*, 91 N.C. App. at 573, 372 S.E.2d at 744. Plaintiff has no claim for trespass against

MOWASA because it is a public utility with the power of eminent domain just as a municipality.

The trial court properly granted summary judgment in favor of MOWASA and the Van Camp Group. Plaintiff admits that Moore County "should share whatever outcome is appropriate for its predecessor, Moore Water and Sewer Authority." Because summary judgment was proper in favor of MOWASA and the Van Camp Group, the granting of Moore County's motion to dismiss was likewise proper.

Affirmed.

Judges WYNN and THOMAS concur.