CAPE FEAR PUBLIC UTILITY AUTHORITY, Plaintiff v. JONATHAN COSTA, Defendant

No. COA09-798

(Filed 20 July 2010)

**1. Evidence— expert witness—affidavit—usurped province of trial court—summary judgment correct**

The trial court did not err in granting summary judgment in favor of plaintiff, a public utility authority, on its complaint concerning the installation of a sewer line and related sewer system components within an easement on defendant's property. Affidavits of defendant's tendered expert witnesses usurped the province of the trial court by drawing conclusions of law, and accordingly, were incompetent. Absent these affidavits, no genuine issue of material fact existed as to whether the disputed easement crossed defendant's property.

**2. Eminent Domain— inverse condemnation—counterclaim— failed to comply with requirements**

Defendant's counterclaim for inverse condemnation against a water and sewer authority failed to comply with the requirements of N.C.G.S. § 40A-51. Moreover, even if defendant was given the benefit of the allegations of plaintiff's complaint as providing some of the information required by N.C.G.S. § 40A-51, defendant's answer and counterclaim specifically denied the allegations which contained the required facts.

**3. Trespass— easement—eminent domain—inverse condemnation—exclusive remedy**

In an action concerning the installation of a sewer line and related sewer system components within an easement on defendant's property, defendant's counterclaim for trespass against a public utility with the power of eminent domain was dismissed because the exclusive remedy for failure to compensate for a taking is inverse condemnation under N.C.G.S. § 40A-51.

**4. Declaratory Judgments— easement—inverse condemnation**

In an action concerning the installation of a sewer line and related sewer system components within an easement on defendant's property, defendant's counterclaim for declaratory judgment that plaintiff had no easement upon defendant's property was governed by N.C.G.S. § 40A-51 and was dismissed.

BEASLEY, Judge dissenting by separate opinion.

Appeal by Defendant from Order entered 20 March 2009 by Judge Paul G. Gessner in Superior Court, New Hanover County. Heard in the Court of Appeals 5 November 2009.

*Bruce Robinson, for defendant-appellant.*

*Ward and Smith, P.A., by Cheryl A. Marteney, for plaintiff-appellee.*

STROUD, Judge.

I. Factual Background and Procedural History

Defendant Jonathan B. Costa ("Costa") is the owner of certain property in New Hanover County which is designated as "Tract 3" in the deed from James Henry Hobbs, Jr. and Evelyn Hobbs to Costa and his wife, Jessica A. Costa. The Recorded Plat (as shown by the map marked as Plaintiff's Exhibit 1; hereinafter referred to as "the Easement Map") shows a 30-foot wide sewer easement and a 30-foot wide access and utility easement that run along the northern side of Costa's property. The Easement Map reflects that "all sewer easements are public" and are dedicated for public use.

In November and December 2006, the New Hanover County Water and Sewer District authorized the installation of and installed a sewer line and related sewer system components within the 30-foot sewer easement. On 23 August 2007, Costa brought suit against Coastal Colorado Development, LLC, the developer of a nearby subdivision, and New Hanover County, alleging negligence and seeking declaratory judgment and monetary damages related to the installation of the sewer line and components. On 12 February 2008, Costa voluntarily dismissed, without prejudice, New Hanover County from the Coastal Colorado Development lawsuit. Thereafter, a handwritten document titled "Memo of Judgement" [sic] was filed stating that there was no utility, sewer, or access easement on Costa's property.

At the time the "Memo of Judgement" was filed, New Hanover County was no longer a party to the lawsuit. New Hanover County did not receive proper notice of the hearing at which the "Memo of Judgement" was entered, and New Hanover County did not participate in the hearing.

On 1 July 2008, through a merger of the New Hanover County Water and Sewer District, Plaintiff Cape Fear Public Utility Authority ("the Authority") became the owner of the easement rights over Costa's property. Because of the "Memo of Judgement," Costa contended that he had the right to remove the Authority's sewer line and sewer system components from the easement over his property. On 12 November 2008, the Authority filed a complaint alleging that a 30-foot wide sewer easement and a 30-foot wide access and utility easement run along the north side of Costa's property. The Authority also sought and was granted a temporary restraining order and preliminary injunction against Costa to prevent him from interfering with the Authority's easements.

In response to the Authority's complaint, Costa filed an answer and counterclaim alleging that he owns the land over which the Authority claims an easement; that the map upon which the Authority is relying does not pertain to his property; and that the Authority is without authority to install sewer lines on Costa's property. Costa counterclaimed for continuing trespass and inverse condemnation.

On 19 February 2009, Costa filed a motion for partial summary judgment alleging that no genuine issue of material fact existed as to whether an easement exists on his property. In support of his motion, Costa submitted affidavits from D. Robert Williams, Jr., a North Carolina real estate attorney, and Arnold Carson, a licensed North Carolina surveyor. In their identical affidavits, Costa's affiants stated that the map under which the Authority claims its easement does not pertain to the Costa property.

In opposition to Costa's motion for partial summary judgment, the Authority filed the affidavit of Mark A. Stocks, the surveyor who performed the original survey at issue in this case, along with copies of the relevant deeds and map. The Authority also filed an objection to the affidavits submitted by Costa because Costa's affidavits were "nothing more than a legal opinion of the legal effect of the map" at issue.

On 20 March 2009, the trial court entered an Order denying Costa's motion for summary judgment, entering summary judgment in

favor of the Authority, and striking the affidavits submitted by Costa because these constituted inadmissible "legal conclusions[.]" From this Order, Costa appeals.

## II. Discussion

[1] In his sole argument on appeal, Costa contends "that the [trial] court erred in granting summary judgment in favor of the plaintiff because there are genuine issues of material fact with respect to whether the court should have considered the affidavits of Costa's tendered expert witnesses." We disagree.

Our Court reviews the trial court's ruling on the admissibility of affidavits for an abuse of discretion. *Blair Concrete Servs., Inc. v. Van-Allen Steel Co.*, 152 N.C. App. 215, 219, 566 S.E.2d 766, 768 (2002) ("We review the trial court's ruling on the motion to strike the affidavit for abuse of discretion."). "Our standard of review of an appeal from summary judgment is de novo; such judgment is appropriate only when the record shows that 'there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.' " *In re Will of Jones*, 362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008) (quoting *Forbis v. Neal*, 361 N.C. 519, 523-24, 649 S.E.2d 382, 385 (2007)).

N.C. R. Evid. 702 permits expert witnesses to testify when such testimony "will assist the trier of fact to understand the evidence or to determine a fact in issue[.]" N.C. R. Evid. 704 provides that "[t]estimony in the form of an opinion or inference is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." However, there are limitations to this principle. The official commentary following Rule 704 provides a helpful example of these limitations:

> [T]he question "Did T have capacity to make a will?" would be excluded, while the question, "Did T have sufficient mental capacity to know the nature and extent of his property and the natural objects of his bounty and to formulate a rational scheme of distribution?" would be allowed.

N.C. R. Evid. 704 (Commentary).

Opinions of experts or other witnesses must not usurp the province of the court and jury by drawing conclusions of law or fact upon which the decision of the case depends, the test being

> whether additional light can be thrown on the question under investigation by a person of superior learning, knowledge or skill

in the particular subject, one whose opinion as to the inferences to be drawn from the facts observed or assumed is deemed of assistance to the jury under the circumstances.

*Patrick v. Treadwell*, 222 N.C. 1, 4-5, 21 S.E.2d 818, 821-22 (1942). The intent of the parties to an easement agreement is a question of law for the court. *See Biggers v. Evangelist*, 71 N.C. App. 35, 40, 321 S.E.2d 524, 527-28 (1984) (intent of parties to a contract regarding the conveyance of an easement was question of law for the court to decide). Thus, we must decide if Costa's witnesses' testimony was helpful to the trial court or if it decided a question of law which could only be decided by the trial court. For the following reasons, we conclude that the affidavits of Defendant's witnesses usurped the province of the trial court and, accordingly, were incompetent.

In *Williams v. Sapp*, 83 N.C. App. 116, 349 S.E.2d 304 (1986), this Court held that it was reversible error to permit an attorney appearing as an expert witness to testify that an easement by implication existed under the circumstances of that case. *Id.* at 120, 349 S.E.2d at 306. The *Williams* Court explained that:

> [Plaintiff's expert's] opinion merely tells the jury the result that they should reach and, therefore, is not helpful to their determination of a fact in issue, as required by G.S. 8C-1, Rules 701 and 702. *See,* Commentary, G.S. 8C-1, Rule 704. The attorney's testimony regarding his opinion amounts to instructions to the jury on easements by implication. This testimony does not invade the province of the jury, which plaintiff argues is permissible, but invades the province of the court and should not have been admitted. *See, Board of Transportation v. Bryant*, 59 N.C. App. 256, 296 S.E.2d 814 (1982). This error was clearly prejudicial to defendants, because the jury was required to answer the same question asked of plaintiff's expert witness. We hold, therefore, that defendants are entitled to a new trial on the issue of easement by implication.

*Id.*

In the present matter, Costa's witnesses made the following pertinent statements in their identical affidavits:

> 4. . . . [T]here is a clearly defined 30 foot sewer easement, 30 foot access and utility easement that pertain to Tracts A, C, D, and E, and a 30 foot sewer easement that pertains to Tracts A, C, D, and E.

5. The James Henry Hobbs, Jr. parcel is an uplands parcel, also known in this case as a remnant parcel, with no tract letter and this parcel is explicitly excluded from the acreage definition of the Map.

6. The solid lines drawn on the map are drawn around Tracts A, B, C, D, and E, but not around the James Henry Hobbs, Jr. tract.

7. This map, by its own definition, is a map that pertains to Tracts A, B, C, D and E, all as shown with setback requirements and total acreage and specifically excludes the remainder tract or remnant tract known as the James Henry Hobbs, Jr. Tract, owned by the plaintiff.

8. My conclusion, based upon my training and experience, examination of the public records, and the documents referred to in the complaint and in this affidavit, is that there is no dedicated easement other than the 15 foot roadway easement on the James Henry Hobbs, Jr. parcel.

Of these statements, the first four are not helpful to the trier of fact, as they merely describe the obvious physical features of the map. Thus, these were properly excluded. *See* N.C. R. Evid. 702. The final statement reaches a conclusion and decides an issue reserved for the trial court. This statement clearly "invades the province of the court and should not have been admitted." *Williams*, 83 N.C. App. at 120, 349 S.E.2d at 306. Accordingly, the trial court did not abuse its discretion in striking the proposed affidavits.

Absent the affidavits of Costa's witnesses, no genuine issue of material fact exists as to whether the easement crosses Costa's property. Accordingly, on the sole issue raised by the appeal to this Court, the order of the trial court is affirmed. We find it necessary, however, to address other issues which should be dispositive of this action, but which the parties and the trial court failed to recognize.

[2] Defendant's counterclaim purported to state claims against Plaintiff for trespass, inverse condemnation, and a "declaratory judgment finding that Plaintiff has no easement upon Defendant's property[.]" We first note that Defendant was bringing a counterclaim for inverse condemnation against a water and sewer authority, "created under the provisions of Article 1 of Chapter 162A[,]" which is vested with the power of eminent domain as a public condemnor, pursuant to N.C. Gen. Stat. § 40A-3(c)(8) (2007). Chapter 40A of the General

Statutes contains the exclusive procedures used in this State by public condemnors. *New Hanover County Water & Sewer Dist. v. Thompson*, 193 N.C. App. 404, 408, 667 S.E.2d 501, 504 (2008). Defendant's counterclaim is thus governed by N.C. Gen. Stat. § 40A-51, which deals with situations in which "property has been taken by an act or omission of a condemnor listed in G.S. 40A-3(b) or (c) and no complaint containing a declaration of taking has been filed[.]" N.C. Gen. Stat. § 40A-51(a) (2007). Pursuant to N.C. Gen. Stat. § 40A-51(a), Defendant's counterclaim was required to include the following allegations:

> the names and places of residence of all persons who are, or claim to be, owners of the property, so far as the same can by reasonable diligence be ascertained; if any persons are under a legal disability, it must be so stated; a statement as to any encumbrances on the property; the particular facts which constitute the taking together with the dates that they allegedly occurred, and; a description of the property taken. Upon the filing of said complaint summons shall issue and together with a copy of the complaint be served on the condemnor . . . .

Defendant was also required to file a memorandum of action "with the register of deeds in all counties in which the property is located[,]" which includes the following information:

> (1) The names of those persons who the owner is informed and believes to be or claim to be owners of the property;

> (2) A description of the entire tract or tracts affected by the alleged taking sufficient for the identification thereof;

> (3) A statement of the property allegedly taken; and

> (4) The date on which owner alleges the taking occurred,[1] the date on which said action was instituted, the county in which it was instituted, and such other reference thereto as may be necessary for the identification of said action.

---

1. Although the counterclaim did not allege the date of the taking, the record contains a stipulation that the sewer line was completed within two years prior to the service and filing of Defendant's counterclaim "such that Plaintiff would not have a statute of limitations defense to such Inverse Condemnation claim." This stipulation also provided that Defendant Costa would dismiss with prejudice a pending "New Hanover County Superior Court civil action[,]" file No. 08-CVS-2228, filed against New Hanover County. Perhaps the other case which was dismissed also dealt with Defendant's inverse condemnation claim; however, our record contains no further information about the dismissed case.

N.C. Gen. Stat. § 40A-51(b). Although Defendant alleged in his counterclaim that he "specifically pleads the law of Inverse Condemnation[,]" he completely failed to comply with the requirements of N.C. Gen. Stat. § 40A-51, both in the allegations of the counterclaim and by his failure to file a memorandum of action. Even if we were to give Defendant the benefit of the allegations of Plaintiff's complaint as providing some of this required information, Defendant's answer and counterclaim specifically denied the allegations which contained these required facts. Defendant's counterclaim for inverse condemnation was thus subject to dismissal for its failure to comply with N.C. Gen. Stat. § 40A-51.

[3] Defendant also alleged a counterclaim for "trespass," but our courts have repeatedly held that

'[t]he exclusive remedy for failure to compensate for a 'taking' is inverse condemnation under G.S. 40A-51 . . . . An owner has no common-law right to bring a trespass action against a city.' *McAdoo*, 91 N.C. App. at 573, 372 S.E.2d at 744. Plaintiff has no claim for trespass against [Moore Water and Sewer Authority] because it is a public utility with the power of eminent domain just as a municipality.

*Cent. Carolina Developers, Inc. v. Moore Water & Sewer Auth.*, 148 N.C. App. 564, 567-68, 559 S.E.2d 230, 232 (2002). Although Chapter 40A "does not expressly state that [it] is the sole means for bringing inverse condemnation actions[,]" this Court has noted that

G.S. 40A-51, which provides for actions by private property owners where their property has been taken by governmental action without compensation, is clearly the relevant statute. Inverse condemnation is simply a device to force a governmental body to exercise its power of condemnation, even though it may have no desire to do so. *Hoyle v. City of Charlotte*, 276 N.C. 292, 172 S.E.2d 1 (1970). It allows a property owner to obtain compensation for a taking in fact, even though no formal exercise of the taking power has occurred. See *City of Charlotte v. Spratt*, 263 N.C. 656, 140 S.E.2d 341 (1965). G.S. 40A-51 provides the private property owner with a means to compel government action. If Chapter 40A provides the sole means for the City to condemn aviation easements over plaintiffs' land, it follows that plaintiffs' sole inverse condemnation remedy would lie under G.S. 40A-51.

*Smith v. City of Charlotte*, 79 N.C. App. 517, 521, 339 S.E.2d 844, 847 (1986). Therefore, Defendant's counterclaim for trespass or

for any other sort of monetary damages for taking was also subject to dismissal.

[4] Defendant's counterclaim for a "declaratory judgment" that "plaintiff has no easement upon defendant's property" is likewise governed by N.C. Gen. Stat. § 40A-51. Whether Plaintiff had any interest in Defendant's property, including an easement, would properly be addressed at a hearing under N.C. Gen. Stat. § 40A-47 (2007), which requires the trial court to

> hear and determine any and all issues raised by the pleadings other than the issue of compensation, including, but not limited to, the condemnors' authority to take, questions of necessary and proper parties, title to the land, interest taken, and area taken.

Both Plaintiff's and Defendant's briefs seem to assume that there could be a jury question as to Plaintiff's "taking" of the property. This is incorrect, as there is no right to a trial by jury on the issue of the taking of a property interest under N.C. Gen. Stat. § 40A-51. This Court addressed this issue in regard to a taking by a local public condemnor in *Raleigh-Durham Airport Authority v. Howard*, 88 N.C. App. 207, 215-16, 363 S.E.2d 184, 188 (1987), *disc. review denied*, 322 N.C. 113, 367 S.E.2d 916 (1988), as follows:

> [T]he issue of ownership was not 'triable by a jury of right.' N.C. Gen. Stat. Sec. 40A-43 (1984) which controls special proceedings in condemnation of land for airports provides: *The judge,* upon motion and 10 days' notice by either the condemnor or the owner, shall, either in or out of session, *hear and determine any and all issues raised by the pleadings other than the issue of compensation, including but not limited to,* the condemnors' authority to take, questions of necessary and proper parties, *title to the land,* interest taken, and area taken. (emphasis added.)

In an action for inverse condemnation by a public condemnor, the court must determine all issues as to the ownership of the property and the interest and area taken. *See id.* Indeed, instead of a summary judgment hearing, the trial court should have been holding a hearing pursuant to N.C. Gen. Stat. § 40A-47 to determine issues other than damages. For this reason, even if the trial court had considered the affidavits submitted by Defendant, the trial court could properly have determined any issues regarding the property interest taken under N.C. Gen. Stat. § 40A-47. Only just compensation can be a jury issue, assuming that compensation is not determined by commissioners

appointed pursuant to N.C. Gen. Stat. § 40A-48 (2007). Chapter 40A, Article 4 governs "the determination of compensation to be awarded to the owner by the condemnor for the taking of his property." N.C. Gen. Stat. § 40A-62 (2007).

Therefore, the trial court's order granting summary judgment for Plaintiff was correct and should be affirmed, although for different reasons. *See State v. Austin*, 320 N.C. 276, 290, 357 S.E.2d 641, 650 ("A correct decision of a lower court will not be disturbed on review simply because an insufficient or superfluous reason is assigned. The question for review is whether the ruling of the trial court was correct and not whether the reason given therefor is sound or tenable." (citation omitted)), *cert. denied*, 484 U.S. 916, 98 L. Ed. 2d 224 (1987). While this Court must address the issues actually raised by the parties in this appeal, we are compelled to point out that it would be inappropriate for any future litigants to rely upon this opinion for the proposition that a landowner can bring a claim for inverse condemnation against a public condemnor without compliance with the requirements of Chapter 40A.

AFFIRMED.

Judge STEPHENS concurs.

Judge BEASLEY dissents by separate opinion.

BEASLEY, Judge, dissenting.

Because I believe that the trial court abused its discretion by striking the affidavits of Costa's tendered expert witnesses in their entirety, rather than striking only the final paragraph of each, and consideration of the admissible portions thereof creates a genuine issue of material fact as to whether the map in question pertains to Costa's property, I respectfully dissent.

The majority relies on *Williams v. Sapp*, 83 N.C. App. 116, 349 S.E.2d 304 (1986), to support its conclusion that the final paragraph of each affidavit submitted by Costa is inadmissible. Where the final statement in each of Costa's experts' affidavits reaches a naked conclusion analogous to the inadmissible conclusory testimony in *Williams* that an easement by implication existed—comparable to whether T had capacity to make a will—I agree with the majority that paragraph 8 "invades the province of the court" and was correctly stricken from the evidence. I believe, however, that the remaining

statements are distinguishable from *Williams* in that they do not amount to an instruction to the jury regarding what result to reach. Rather, paragraphs 4-7 of the affidavits are more akin to testimony regarding T's "mental capacity to know the nature and extent of his property and the natural objects of his bounty." N.C. Gen. Stat. § 8C-1, Rule 704 (Commentary). Moreover, I believe that these statements denying that the map includes Costa's property (and not reaching any decision reserved for the trial court as to the existence of an easement) aid the jury in understanding the plat and discerning its meaning. Therefore, I disagree with the majority's conclusion that paragraphs 4-7 are not helpful to the trier of fact because "they merely describe the obvious physical features of the map," as the jury is most likely unfamiliar with reading and making sense of these types of surveys.

In several cases, this Court has allowed surveyors to express their opinions, which not only supports a conclusion that paragraphs 4-7 do not invade the province of the jury but also implicitly deems such testimony helpful. *See, e.g., Beam v. Kerlee*, 120 N.C. App. 203, 215, 461 S.E.2d 911, 920-21 (1995) (allowing expert land surveyor to testify to conclusions he had drawn from old survey maps, despite embracing an ultimate issue to be decided by the trier of fact, because he "was an expert in land survey and his testimony may have helped the jury understand conclusions which could be drawn [therefrom]"); *Wellborn v. Roberts*, 83 N.C. App. 340, 341, 349 S.E.2d 886, 886 (1986) (reasoning that Rule 704 superseded the previous rule that "a surveyor could not state his opinion as to the location of a boundary" and finding expert surveyor and lay testimony as to where they believed the boundary line was located unobjectionable merely because it related to an ultimate issue in the case); *Green Hi-Win Farm, Inc. v. Neal*, 83 N.C. App. 201, 203-05, 349 S.E.2d 614, 616-17 (1986) (allowing expert witness surveyor to testify "to the location of the beginning point of defendant's property"). Paragraphs 4-7 of the affidavits at issue, testifying that a particular map does not pertain to a particular piece of property, are substantially similar to testimony as to the location of the beginning point of a deed, where a property boundary lies, and conclusions drawn from a survey.

The majority's failure to consider these Rule 704 cases that deal specifically with survey map testimony has resulted in a holding that I believe is contrary to North Carolina case law. In conclusion, I believe that only paragraph 8 amounts to an instruction on whether Costa's parcel is subject to the easements, and where paragraphs 1-3

merely address affidavit formalities and paragraphs 4-7 would indeed assist the jury to comprehend the evidence, the trial court abused its discretion in striking anything but the final statement of each affidavit. Accordingly, the admission of Costa's affidavits into evidence, when compared with the affidavit submitted by the Authority, would create a genuine issue of material fact as to whether the easement in question includes Costa's property.

Additionally, I do not believe that Costa's failure to comply with the requirements of Chapter 40A is dispositive of this entire action. While I agree that the statutory procedure issues recognized by the majority dispose of Costa's *counterclaims*, the Authority's allegation that the easement crossed Costa's property would have remained for resolution even if the trial court had dismissed Costa's counterclaims for inverse condemnation, trespass, and declaratory judgment. Where the Authority's claims for declaratory and injunctive relief are not controlled by Chapter 40A or subject to dismissal for failure to comply therewith, the Authority's action would have survived. As such, Costa would still have been able to present his defense thereof, and his affidavits were admissible, excluding paragraph 8, to dispute the Authority's allegation that his property is subject to the easement at issue. Thus, I would qualify the majority's approval of the order—for the reasons addressed sua sponte under Chapter 40A—by limiting the grant of summary judgment to Costa's counterclaims. As such, I would reverse the trial court's order striking paragraphs 1-7 of Costa's affidavits and entering summary judgment in favor of Authority and remand for consideration of the affidavits, as admissible, and for dismissal of Costa's counterclaims, as consistent with the latter part of the majority's opinion. Therefore, I respectfully dissent.